**Rule 102.  Definitions.**

Subject to additional definitions contained in subsequent provisions of these rules which are applicable to specific provisions of these rules, the following words and phrases when used in these rules shall have, unless the context clearly indicates otherwise, the meanings given to them in this rule:

*Action.*—Any action or proceeding at law or in equity.

*Argument.*—Where required by the context, the term includes submission on briefs.

*Administrative office.*—The Administrative Office of Pennsylvania Courts.

*Appeal.*—Any petition or other application to a court for review of subordinate governmental determinations.   The term includes an application for **[certiorari]** *certiorari* under 42 Pa.C.S. § 934 (writs of *certiorari*) or under any other provision of law.   Where required by the context, the term includes proceedings on petition for review **and petition for specialized review**.

Note:  Under these rules a "subordinate governmental determination" includes an order of a trial court.  The definition of "government unit" includes courts, and the definition of "determination" includes action or inaction by (and specifically an order entered by) a court or other government unit.   In general, any appeal now extends to the whole record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law and the scope of review of an order on appeal is not limited as on broad or narrow *certiorari*.   *See* 42 Pa.C.S. § 5105(d) (scope of appeal).

*Appellant.*—Includes petitioner for review **or specialized review**.

*Appellate court.*—The Supreme Court, the Superior Court, or the Commonwealth Court.

*Appellee.*—Includes a party named as a respondent in a petition for review **or specialized review**.

*Application.*—Includes a petition or a motion.

*Appropriate security.*—Security that meets the requirements of Pa.R.A.P. 1734 (appropriate security).

*Children's fast track appeal.*—Any appeal from an order involving dependency, termination of parental rights, adoptions, custody, or paternity. *See* 42 Pa.C.S. §§ 6301 *et seq.*; 23 Pa.C.S. §§ 2511 *et seq.*; 23 Pa.C.S. §§ 2101 *et seq.*; 23 Pa.C.S. §§ 53**[0]2**1 *et seq.*; 23 Pa.C.S. §§ 5102 *et seq.*

*Clerk.*—Includes prothonotary.

*Counsel of record.*—All attorneys who were counsel of record in the trial court at the time of the filing of the notice of appeal will be counsel of record in the appellate courts. For a criminal defendant, the representation extends up to and including the filing of a petition for allowance of appeal and the handling of such an appeal if granted, unless (1) substitute counsel has entered an appearance and is expressly identified in the *praecipe* as substitute, rather than additional, counsel; (2) the Court of Common Pleas has entered on the docket an order permitting the attorney to withdraw; or (3) an application for withdrawal is granted by the appellate court.

*Determination.*—Action or inaction by a government unit which action or inaction is subject to judicial review by a court under Section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.

*Docket entries.*—Includes the schedule of proceedings of a government unit.

*General rule.*—A rule or order promulgated by or pursuant to the authority of the Supreme Court.

*Government unit.*—The Governor and the departments, boards, commissions, officers, authorities, and other agencies of the Commonwealth, including the General Assembly and its officers and agencies and any court or other officer or agency of the unified judicial system, and any political subdivision or municipal or other local authority or any officer or agency of any such political subdivision or local authority. The term includes a board of arbitrators whose determination is subject to review under 42 Pa.C.S. § 763(b) (awards of arbitrators).

*Hybrid representation.*—An attempt to act as counsel for oneself when one has counsel of record.

*Judge.*—Includes a justice of the Supreme Court.

*Matter.*—Action, proceeding, or appeal. The term includes a petition for review **or petition for specialized review**.

*Order.*—Includes judgment, decision, decree, sentence, and adjudication.

*Petition for allowance of appeal.*—(a) A petition under Pa.R.A.P. 1112 (appeals to the Supreme Court by allowance); or (b) a statement pursuant to Pa.R.A.P. 2119(f) (discretionary aspects of sentence).  *See* 42 Pa.C.S. § 9781.

*Petition for permission to appeal.*—A petition under Pa.R.A.P. 1311 (interlocutory appeals by permission).

*Petition for review.*—A petition under **[Pa.R.A.P. 1511 (manner of obtaining judicial review of governmental determinations)]** <u>Chapter 15</u>.

***<u>Petition for specialized review.</u>*—<u>A petition under Chapter 16.</u>**

*President judge.*—When applied to the Supreme Court, the term means the Chief Justice of Pennsylvania.

*Pro se.*—A party representing himself or herself without counsel.

*Proof of service.*—Includes acknowledgment of service endorsed upon a pleading.

*Quasijudicial order.*—An order of a government unit, made after notice and opportunity for hearing, which is by law reviewable solely upon the record made before the government unit, and not upon a record made in whole or in part before the reviewing court.

*Reargument.*—Includes reconsideration and rehearing, and is requested through an application filed in accordance with Pa.R.A.P. 2541-2547.

*Reproduced record.*—That portion of the record which has been reproduced for use in an appellate court.  The term includes any supplemental reproduced record.

*Rule of court.*—A rule promulgated by a court regulating practice or procedure before the promulgating court(s).

***<u>Trial court.</u>*—<u>The court from which an appeal is first taken or to be taken.</u>**

*Verified* s*tatement.*—A document filed with a clerk under these rules containing statements of fact and a statement by the signatory that it is made subject to the penalties of 18 Pa.C.S. § 4904 (unsworn falsification to authorities).

Official Note:  Based on 42 Pa.C.S. § 102 (definitions).  The definition of "determination" is not intended to affect the scope of review provided by 42 Pa.C.S. § 5105(d) (scope of appeal) or other provision of law.

**Rule 105.  Waiver and Modification of Rules.**

(a)	*Liberal construction and modification of rules.*—These rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable.  In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in **[Subdivision] paragraph** (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

(b)	*Enlargement of time.*—An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, **[or]** a petition for review**, or a petition for specialized review**.

Official Note: 42 Pa.C.S. § 5504 **[(judicial extension of time)]** provides that the time limited by, **[inter alia]** *inter alia*, Chapter 55D **[(appeals)]** of the Judicial Code shall not be extended by order, rule, or otherwise, except that the time limited may be extended to relieve fraud or its equivalent, but **[that]** there **[shall] will** be no extension of time as a matter of indulgence or with respect to any criminal proceeding.  However, under 42 Pa.C.S. § 5571(a), **[(appeals generally)]** statutory time limits under Chapter 55D do not apply to appeals to or other judicial review by the Supreme, Superior, or Commonwealth Courts.

**[Subdivision] Paragraph** (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court.

4

**Rule 120. Entry of Appearance.**

Any counsel filing papers required or permitted to be filed in an appellate court must enter an appearance with the prothonotary of the appellate court unless that counsel has been previously noted on the docket as counsel pursuant to Pa.R.A.P. 907(b), 1112(f), 1311(d), **[or]** 1514(d)**, or 1602(d)**. New counsel appearing for a party after docketing pursuant to Pa.R.A.P. 907(b), 1112(f), 1311(d), **[or]** 1514(d)**, or 1602(d)** shall file an entry of appearance simultaneously with or prior to the filing of any papers signed by new counsel. The entry of appearance shall specifically designate each party the attorney represents, and whether the attorney is entering an appearance as substitute or additional counsel. The attorney shall file a certificate of service pursuant to paragraph (d) of Pa.R.A.P. 121 and to Pa.R.A.P. 122. If an attorney enters an appearance as substitute counsel for a party, the original counsel of record for that party may withdraw by *praecipe*, without filing an application for permission to withdraw.

Official Note: For admission *pro hac vice*, **[see]** _see_ Pa.B.A.R. 301.

**Rule 121. Filing and Service.**

(a)  *Filing.*—Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary.  Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing.  If an application under these rules requests relief which may be granted by a single judge, a judge in extraordinary circumstances may permit the application and any related papers to be filed with that judge.  In that event the judge shall note thereon the date of filing and shall thereafter transmit such papers to the clerk.

(b)  *Service of all papers required.*—Copies of all papers filed by any party and not required by these rules to be served by the prothonotary shall, concurrently with their filing, be served by a party or person acting on behalf of that party or person on all other parties to the matter.  Service on a party represented by counsel shall be made on counsel.

(c)  *Manner of service.*—Service may be:

(1)  by personal service, which includes delivery of the copy to a clerk or other responsible person at the office of the person served, but does not include inter-office mail;

(2)  by first class, express, or priority United States Postal Service mail, which service is complete upon mailing;

(3)  by commercial carrier with delivery intended to be at least as expeditious as first class mail if the carrier can verify the date of delivery to it; or

(4)  by facsimile or e-mail with the agreement of the party being served as stated in the certificate of service.

(d)  *Proof of service.*—Papers presented for filing shall contain an acknowledgement of service by the person served or proof of service certified by the person who made service.  Acknowledgement or proof of service may appear on or be affixed to the papers filed.  The clerk may permit papers to be filed without acknowledgement or proof of service but shall require such to be filed promptly thereafter.

(e)  *Additional time after service by mail and commercial carrier.*—Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party (other than an order of a court or other government unit) and the

6

paper is served by United States mail or by commercial carrier, three days shall be added to the prescribed period.

(f)     *Date of filing for incarcerated persons.*—A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

(g)     *Hybrid representation.*—Where there is counsel of record, a party may file only the following documents *pro se*:  (i) a notice of appeal; (ii) a request to change or remove counsel; (iii) a response to a motion to withdraw that has been filed by counsel of record; (iv) a complaint that existing counsel has abandoned the party; or (v) an application to file a petition for allowance of appeal *nunc pro tunc*.  Any other document that a party attempts to file *pro se* will be noted on the docket but not accepted for filing. This rule is not intended to provide an independent basis for jurisdiction where it does not otherwise exist.

Official Note: *Paragraph (a)*—The term "related papers" in paragraph (a) of this rule includes any appeal papers required **[under] by** Pa.R.A.P. 1702 (stay ancillary to appeal) as a prerequisite to an application for a stay or similar relief.

*Paragraph (c)*—An acknowledgement of service may be executed by an individual other than the person served, *e.g.*, by a clerk or other responsible person.

*Paragraph (d)*—With respect to appearances by new counsel following the initial docketing of appearances pursuant to paragraph (d) of this rule, please note the requirements of Pa.R.A.P. 120 (entry of appearance).

*Paragraph (e)*—Paragraph (e) of the rule does not apply to the filing of a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for reconsideration or reargument, since under these rules the time for filing such papers runs from the entry and service of the related order, nor to the filing of a petition for review **or a petition for specialized review**, which **[is] are** governed by similar considerations.  The amendments to Pa.R.A.P. 903(b), 1113(b), and 1512(a)(2) clarified that paragraph (e) does apply to calculating the deadline for filing cross-appeals, cross-petitions for allowance of appeal, and additional petitions for review **or specialized review**.

*Paragraph (f)*—This recognizes the holding in *Smith v. Board of Probation and Parole*, 683 A.2d 278, 281 (Pa. 1996) (adopting the prisoner mailbox rule to determine date of filing of a petition for review).  *Smith* adopted the reasoning of the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  *See also*

*Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (extending prisoner mailbox rule to filing of a notice of appeal).

*Paragraph (g)*—The rule on hybrid representation is premised on *Commonwealth v. Ellis*, 626 A.2d 1137, 1139-40 (Pa. 1993). *See* 210 Pa. Code § 65.24. If a *pro se* notice of appeal is filed, it will satisfy the timeliness requirement for the filing of a notice of appeal. Counsel of record will, however, be obligated to prosecute that appeal. There are four other instances in which *pro se* documents will be accepted by an appellate court for filing: a request by the party to change or remove counsel; a response to counsel's request to withdraw; a complaint that existing counsel has abandoned the party; and a *pro se* petition for *nunc pro tunc* permission to file a petition for allowance of appeal under Pa.R.A.P. 1113(d). All other documents will be noted on the docket as received by the appellate court prothonotary's office but will not be accepted for filing; instead, the *pro se* document will be forwarded to counsel of record with, if the court desires, direction for counsel to respond.

**Rule 301.  Requisites for an Appealable Order.**

(a)    *Entry upon docket below.*

(1)    Except as provided in **sub**paragraph (2) of this **[subdivision] paragraph**, no order of a court shall be appealable until it has been entered upon the appropriate docket in the **[lower] trial** court.  Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

(2)    In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

(b)    *Separate document required.*—Every order shall be set forth on a separate document.

(c)    *Nonappealable orders.*—Except as provided in **[subdivision] subparagraph** (a)(2), a direction by the **[lower court]trial court or other government unit** that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, does not constitute an appealable order.  Any such order shall be docketed before an appeal is taken.

(d)    *Entry of appealable orders.*—Subject to any inconsistent general rule applicable to particular classes of matters, the clerk of the **[lower] trial** court shall**,** on **[praecipe] *praecipe*** of any party (except a party who by law may not **[praecipe] *praecipe*** for entry of an adverse order)**,** forthwith prepare, sign**,** and enter an appropriate order, judgment**,** or final decree in the docket, evidencing any action from which an appeal lies either as of right or upon permission to appeal or allowance of appeal **or by petition for specialized review**.

(e)    *Emergency appeals.*—Where the exigency of the case is such as to impel an immediate appeal and the party intending to appeal an adverse action is unable to secure the formal entry of an appealable order pursuant to the usual procedures, the party may file in the **[lower] trial** court and serve a **[praecipe] *praecipe*** for entry of an adverse order, which action shall constitute entry of an appealable order for the purposes of these rules.  The interlocutory or final nature of the action shall not be affected by this **[subdivision] paragraph**.

Official Note: **[See Rules of Appellate Procedure]** *See* **Pa.R.A.P.** 311 authorizing interlocutory appeals as of right, 312 authorizing interlocutory appeals by permission, **313 authorizing appeals from collateral orders,** and 341 to **[843] 343** authorizing appeals from final orders.

9

**[See also Rules of Appellate Procedure]** *See also* **Pa.R.A.P.** 903 governing time for filing notice of appeal, 1113 governing time for filing petition for allowance of appeal, 1311(b) governing time for filing petition for permission for appeal, **[and]** 1512 governing time for filing petition for review, and 1602(a) **governing time for filing specialized petition for review.**

The 1986 **[A]a**mendment to **[Rule] Pa.R.A.P.** 301 state**[s]d** that no order shall be appealable until entered in the docket and delete**[s]d** reference to reduction of an order to judgment as a prerequisite for appeal in every case. This deletion does not eliminate the requirement of reduction of an order to judgment in an appropriate case. Due to the variety of orders issued by courts in different kinds of cases, no single rule can delineate the requirements applicable in all cases. **[The bar is cautioned that if] If** the applicable practice or case law requires that an order be reduced to judgment or final decree before it becomes final, that requirement must still be met before the order can be appealed**, and parties are cautioned that an appellate court may remand or take other steps under Pa.R.A.P. 902 if the prerequisites are not satisfied. Pa.R.C.P. 3021 sets forth the orders that the prothonotary is to enter in the judgment index and Pa.R.C.P. 227.4 provides a mechanism for parties to *praecipe* for judgment in certain circumstances.** *See also* **Pa.R.C.P. 236 and 237.**

**[An appeal may be remanded or subject to other appropriate action of the appellate court when the order is such that it may be reduced to judgment or final decree and entered in the docket but such action has not been taken. Rule 902. Examples of orders which may be remanded under Rule 902 when the order appealed from has not been reduced to judgment or final decree include:**

**1. an order denying a motion for a new trial or judgment notwithstanding the verdict after a trial by jury,** *Dennis v. Smith***, 288 Pa.Super. 185, 431 A.2d 350 (1981);**

**2. an order dismissing exceptions to the decision after a trial without jury,** *Black Top Paving Co., Inc. v. John Carlo, Inc.***, 292 Pa.Super. 404, 437 A.2d 446 (1981); and**

**3. an order dismissing exceptions to the decree nisi in an equity action,** *Kopchak v. Springer***, 292 Pa.Super. 441, 437 A.2d 756 (1981).**

**An appeal will also be quashed where the order appealed from is interlocutory and the appeal is not authorized by Rule 311 governing interlocutory appeals as of right or Rule 312 governing interlocutory appeals by permission. Examples of interlocutory orders include:**

10

1.      an order granting a petition for appointment of an arbitrator, *Cassidy v. Keystone Ins. Co.*, 297 Pa.Super. 421, 443 A.2d 1193 (1982); and

2.      an order relating to alimony pendente lite, and interim counsel fees and expenses is not appealable.  *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

Subdivision (a) extends former Supreme Court Rule 19A and former Commonwealth Court Rule 29A to the Superior Court. The second sentence of the subdivision codifies *Stotsenburg v. Frost,* 465 Pa. 187, 348 A.2d 418 (1975).

The requirement of Subdivision (b) for a separate document is patterned after Fed.Rules Civ.Proc. 58, as interpreted in *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), so as to render certain the date on which an order is entered for purposes of computing the running of the time for appeal.  *See also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (requirement of separate document may be waived by appellee). This requirement is intended to control over any inconsistent civil (including orphans' court) or criminal procedural rule, since such rules are not primarily concerned with the appellate process.

Subdivision (c) sets forth the frequently overlooked requirement for an appealable order that an order must be docketed before it may be appealed.  The subdivision also sets forth the rule that an appeal is premature where the Court directs that a judgment sentence or order be entered in the docket and the prothonotary fails to do so.  Friedman v. Kasser, 293 Pa.Super 294, 438 A.2d 1001 (1981).  Moreover, an order of Court then directing that a complaint as set forth will be dismissed upon the passage of time or occurrence or failure of an event is not appealable; only a subsequent order of dismissal would be appealable. *See Ayre v. Mountaintop Area Joint San. Auth.*, 58 Pa.Cmwlth. 510, 427 A.2d 1294 (1981).

This rule does not supersede rules such as Pa.R.Civ.P. 237 which impose additional requirements or procedures in connection with filing a praecipe for a final order.

Subdivision (d) provides a remedy for the appellant where no appealable order has been entered on the docket, and is similar to Pa.R.Civ.P. 227.4. The exception refers to cases such as certain matrimonial matters, where it has been held that the defendant is not entitled to cause an adverse decision to be formally entered as judgment.  See, e.g., *Mirarchi v. Mirarchi*, 226 Pa.Super. 53, 311 A.2d 698 (1973).]

The filing in the **[lower] trial** court required by **[Subdivision] paragraph** (e) may **[under Rule 121(a) (filing) be made with a judge of the lower court in connection**

**with] be accompanied by** an application **to the trial court for relief such as a stay or** *supersedeas* under Chapter 17 **[(effect of appeals, supersedeas and stays)].**

**[See]***See* Pa.R.A.P. 108**(d)** **[and Explanatory Comment--2007 thereto]**, Pa.R.A.P. 903(c)(3), and Pa.R.Crim.P. 462**(G)**, 720, and 721 governing criminal appeals.

**Rule 313.  Collateral Orders.**

(a)    *General* **[R]***rule.***—**An appeal may be taken as of right from a collateral order of a**[n administrative agency or lower]** **trial** court **or other government unit**.

(b)    *Definition.***—**A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Official Note:    **If an order meets the definition of a collateral order, it is appealed by filing a notice of appeal or petition for review.**

**[Rule]** **Pa.R.A.P.** 313 is a codification of existing case law with respect to collateral orders. *See Pugar v. Greco*, **[483 Pa. 68, 73,]** 394 A.2d 542, 545 (**Pa.** 1978) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)**)**. **[Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous, *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286, 289-91 (1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness); if the trial court finds the motion frivolous, the defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573. *See Commonwealth v. Orie*, 22 A.3d 1021(Pa. 2011).]**

**[Other examples of collateral orders are an order denying a petition to permit the payment of death taxes, *Hankin v. Hankin*, 338 Pa. Super. 442, 487 A.2d 1363 (1985); and an order denying a petition for removal of an executor, *Re: Estate of Georgianna*, 312 Pa. Super. 339, 458 A.2d 989 (1983), aff'd 504 Pa. 510, 475 A.2d 744.  Thorough discussions of the collateral order doctrine as it has been applied by Pennsylvania appellate courts are found in the following sources:]** **Pennsylvania appellate courts have found a number of classes of orders to fit the collateral order definition. Collateral order cases are collected and discussed in** Darlington, McKeon, Schuckers and Brown, **[1]** Pennsylvania Appellate Practice **[Second]** **2015-2016** Edition, §§ 313:1-313:201 **[(1994) and Byer, Appealable Orders under the Pennsylvania Rules of Appellate Procedures in Practice and Procedures in Pennsylvania Appellate Courts (PBI No. 1994-869); Pines, Pennsylvania Appellate Practice: Procedural Requirements and the Vagaries of Jurisdiction, 91 Dick.L.Rev. 55, 107-115 (1986).]** **Examples include an order denying a petition to permit the payment of death taxes, *Hankin v. Hankin*, 487 A.2d 1363 (Pa. Super. 1985), and an order denying a petition for removal of an executor, *Re: Estate of Georgiana*, 458 A.2d 989 (Pa. Super. 1983), *aff'd*, 475 A.2d 744 (Pa. 1984), and an order denying a pre-trial motion to dismiss on double**

13

**jeopardy grounds if the trial court does not also make a finding that the motion to dismiss is frivolous.** *See Commonwealth v. Brady*, **508 A.2d 286, 289-91 (Pa. 1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness);** *Commonwealth v. Orie*, **22 A.3d 1021 (Pa. 2011). An order denying a pre-trial motion to dismiss on double jeopardy grounds that also finds that the motion to dismiss is frivolous is not appealable as of right as a collateral order, but may be appealable by permission under Pa.R.A.P. 1311(a)(3).**

**[If an order falls under Rule 313, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Rules 341(c) and 1311 do not apply under Rule 313.]**

**Rule 341. Final Orders; Generally.**

(a)     *General [R]rule.*—Except as prescribed in **[subdivision] paragraphs** (d)**[,]** and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(b)     *Definition of [F]final [O]order.*—A final order is any order that:

(1)     disposes of all claims and of all parties; or

(2)     (Rescinded).

(3)     is entered as a final order pursuant to paragraph (c) of this rule.

(c)     *Determination of finality.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.  In addition, the following conditions shall apply:

(1)     **[The trial court or other government unit is required to act on an application for a determination of finality under paragraph (c) within 30 days of entry of the order.] An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order.**  During the time an application for a determination of finality is pending, the action is stayed.

(2)     **[A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15] Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied**.

(3)     **[Unless the trial court or other government unit acts on the application within 30 days of entry of the order, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.] A notice of appeal may be filed within 30 days after entry**

**of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.**

**[(4) The time for filing a petition for review will begin to run from the date of entry of the order denying the application for a determination of finality or, if the application is deemed denied, from the 31st day. A petition for review may be filed within 30 days of the entry of the order denying the application or within 30 days of the deemed denial unless a shorter time period is provided by Rule 1512(b).]**

(d)     *Superior Court and Commonwealth Court [O]orders.*—Except as prescribed by Pa.R.A.P. 1101 no appeal may be taken as of right from any final order of the Superior Court or of the Commonwealth Court.

(e)     *Criminal [O]orders.*—An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.

Official Note: *Related Constitutional and [S]statutory [P]provisions*—Section 9 of Article V of the Constitution of Pennsylvania provides that ''there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court.'' The constitutional provision is implemented by 2 Pa.C.S. § 702, 2 Pa.C.S. § 752, and 42 Pa.C.S. § 5105.

*Criminal [L]law [P]proceedings—Commonwealth [A]appeals*—Orders **that do not dispose of the entire case that were** formerly appealable [**under Pa.R.A.P. 341**] by the Commonwealth in criminal cases **under Pa.R.A.P. 341 [as heretofore provided by law, but which do not dispose of the entire case,]** are **[now]** appealable as interlocutory appeals as of right under paragraph (d) of Pa.R.A.P. 311.

*Final [O]orders—[P]pre-and [P]post-1992 Practice*—The 1992 amendment generally eliminate**[s]d** appeals as of right under Pa.R.A.P. 341 from orders **that do** not end**[ing]** the litigation as to all claims and as to all parties. **[Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.] Prior to 1992, there were cases that deemed an order final if it had the practical effect of putting a party out of court, even if the order did not end the litigation as to all claims and all parties.**

A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order, *see K.H. v. J.R.*, 826 A.2d 863, 870-71 (Pa. 2003) (following trial); *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012) (summary judgment). Where, however, one or more orders resolves issues

arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Malanchuk v. Tsimura*, 137 A.3d 1283, 1288 (Pa. 2016) ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments")**; *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

The 1997 amendments to paragraphs (a) and (c), substituting the conjunction "and" for "or," are not substantive. The amendments merely clarify that by definition any order **[which]** **that** disposes of all claims will dispose of all parties and any order that disposes of all parties will dispose of all claims.

*Rescission of subparagraph (b)(2)*—**Former subparagraph (b)(2) provided for appeals of orders defined as final by statute.** The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective "final" to describe orders that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description. Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory**[;]**. Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.

One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 818 (Pa. 2000); *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under *Pennsylvania Bankers Association,* may elect to proceed under Pa.R.A.P. 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.

An arbitration order appealable under 42 Pa.C.S. § 7320(a) may be interlocutory or final. If it disposes of all claims and all parties, it is final, and, thus, appealable pursuant to Pa.R.A.P. 341. If the order does not dispose of all claims and all parties, that is, the order is not final, but rather interlocutory, it is appealable pursuant to

17

Pa.R.A.P. 311.  Failure to appeal an interlocutory order appealable as of right may result in waiver of objections to the order.  *See* Pa.R.A.P. 311(g).

*Paragraph (c)—Determination of [F]finality*—Paragraph (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Factors to be considered under paragraph (c) include, but are not limited to:

(1)     whether there is a significant relationship between adjudicated and unadjudicated claims;

(2)     whether there is a possibility that an appeal would be mooted by further developments;

(3)     whether there is a possibility that the court or government unit will consider issues a second time; and

(4)     whether an immediate appeal will enhance prospects of settlement.

The failure of a party to apply to the government unit or trial court for a determination of finality pursuant to paragraph (c) shall not constitute a waiver and the matter may be raised in a subsequent appeal following the entry of a final order disposing of all claims and all parties.

Where the government unit or trial court refuses to amend its order to include the express determination that an immediate appeal would facilitate resolution of the entire case and refuses to enter a final order, a petition for **[review] permission to appeal** under **[Chapter 15] Pa.R.A.P. 1311** of the unappealable order of denial is the exclusive mode of review **[to determine whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal.  *See, e.g.*, Pa.R.A.P. 1311, Official Note]**.  The filing of such a petition [**for review**] does not prevent the trial court or other government unit from proceeding further with the matter pursuant to Pa.R.A.P. 1701(b)(6).  Of course, as in any case, the appellant **[could] may** apply for a discretionary stay of the proceeding below.

Subparagraph (c)(2) provides for a stay of the action pending determination of an application for a determination of finality.  If **the application is denied, and** a petition for **[review] permission to appeal** is filed challenging **the** denial, a stay or *supersedeas* will issue only as provided under Chapter 17 of these rules.

In the event that a trial court or other government unit enters a final order pursuant to paragraph (c) of this rule, the trial court or other government unit may no longer proceed further in the matter, except as provided in Pa.R.A.P. 1701(b)(1)-(5).

18

[The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Pa.R.A.P. 341 that are no longer appealable as of right unless the trial court or government unit makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Pa.R.A.P. 341(c):

(1)     an order dismissing one of several causes of action pleaded in a complaint but leaving pending other causes of action;

(2)     an order dismissing a complaint but leaving pending a counterclaim;

(3)     an order dismissing a counterclaim but leaving pending the complaint that initiated the action;

(4)     an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants;

(5)     an order granting judgment against one defendant but leaving pending the complaint against other defendants; and

(6)     an order dismissing a complaint to join an additional defendant or denying a petition to join an additional defendant or denying a petition for late joinder of an additional defendant.

The 1997 amendment adding subparagraph (c)(3) provided for a deemed denial where the trial court or other government unit fails to act on the application within 30 days.]

**Rule 502.  Substitution of Parties.**

(a)    *Death of a party.*—If a party dies after a notice of appeal or petition for review is filed or while a matter is otherwise pending in an appellate court, the personal representative of the deceased party may be substituted as a party on application filed by the representative or by any party with the prothonotary of the appellate court.  The application of a party shall be served upon the representative in accordance with the provisions of **[Rule] Pa.R.A.P.** 123 **[(applications for relief)]**. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the appellate court may direct.  If a party against whom an appeal may be taken or a petition for review may be filed dies after entry of an order below but before a notice of appeal or petition for review is filed, an appellant may proceed as if death had not occurred.  After the notice of appeal or petition for review is filed, substitution shall be effected in the appellate court in accordance with this **[subdivision] paragraph**. If a party entitled to appeal or petition for review shall die before filing a notice of appeal or petition for review, the notice of appeal or petition for review may be filed by his personal representative, or, if he has no personal representative, by his counsel, within the time prescribed by these rules.  After the notice of appeal or petition for review is filed, substitution shall be effected in the appellate court in accordance with this **[subdivision] paragraph**.

(b)    *Substitution in other cases or for other causes.*—If substitution of a party in an appellate court is necessary in connection with a petition for allowance of appeal, **[or]** a petition for permission to appeal, **a petition for specialized review,** or in connection with any **[other]** matter other than a notice of appeal or petition for review, or if substitution of a party in an appellate court is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in **[Subdivision] paragraph** (a) of this rule.

(c)    *Death or separation from office of public officer.*--When a public officer is a party to an appeal or other matter in an appellate court in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the matter does not abate and his successor is automatically substituted as a party.  Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded.  An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

Official Note:  Pa.R.C**[iv]**.P. 2351 to 237**[5]4** relate to substitution of parties in the courts of common pleas, but this rule, which is patterned after **[Fed. Rules App.Proc.] Fed. R. App. P.** 43**[(a), (b) and (c)(1)]**, covers the subject in the appellate courts for the first time.

**Rule 553.  Application in Appellate Court.**

(a)      *General rule.*—A party who has been denied relief under **[Rule] Pa.R.A.P.** 552 **[(application to lower court for leave to appeal in forma pauperis)]**, or who has been unable to file an application under such rule because the matter is an original action in the appellate court, or a petition for review **or petition for specialized review** proceeding relating to a government unit other than a court, or for any other reason, may apply to the appellate court for leave to proceed **[in forma pauperis]** *in forma pauperis* in the appellate court.

(b)      *Form and procedure.*—An application under this rule shall be governed by **[Rule] Pa.R.A.P.** 552 so far as it may be applied.

Official Note:  **[See former Supreme Court Rule 61(d), which required an affidavit (verified statement) in all cases.]** Unlike the prior rule, this rule makes clear that **[the] an** application may be **[renewed] made** in the appellate court **even if it has been denied in the trial court**.

**Rule 701.  Interlocutory Orders.**

An appeal authorized by law from an interlocutory order **[in a matter]** shall be taken to, and petitions for permission to appeal from an interlocutory order **[in a matter]** **<u>and petitions for specialized review</u>** shall be filed in, the appellate court having jurisdiction of final orders in such matters.

Official Note:  Based on 42 Pa.C.S. § 702(a) **[(appeals authorized by law)]**.

**Rule 702.  Final Orders.**

(a)      *General rule.*—An appeal authorized by law from a final order shall be taken to, and petitions for allowance of appeal from a final order shall be filed in, the appellate court vested by law with jurisdiction over appeals from such order.

(b)      *Matters tried with capital offenses.*—If an appeal is taken to the Supreme Court under **[Rule] Pa.R.A.P.** 1941 (review of death sentences), any other appeals relating to sentences for lesser offenses imposed on a defendant as a result of the same criminal episode or transaction and tried with the capital offense shall **also** be taken to the Supreme Court.

(c)      *Supervision of special prosecutions or investigations.*—All petitions for **specialized** review under **[Rule 3331] Pa.R.A.P. 1611 [(review of special prosecutions or investigations)]** shall be filed in the Supreme Court.

Official Note: **[Because of frequent legislative modifications it is not desirable to attempt at this time to restate appellate court jurisdiction in these rules. However, the] The** Administrative Office of Pennsylvania Courts publishes from time to time at 204 Pa. Code § 201.2 an unofficial chart of the Unified Judicial System showing the appellate jurisdiction of the several courts of this Commonwealth, and it is expected that the several publishers of these rules will include a copy of the current version of such chart in their respective publications.

**[Subdivisions] Paragraphs** (b) and (c) are based upon 42 Pa.C.S. § 722(1) (direct appeals from courts of common pleas).  Under **[Rule] Pa.R.A.P.** 751**, [(transfer of erroneously filed cases)]** an appeal from a lesser offense improvidently taken to the Superior Court or the Commonwealth Court will be transferred to the Supreme Court for consideration and decision with the capital offense.

Under **[Rule] Pa.R.A.P.** 701**, [(interlocutory orders)]** the jurisdiction described in **[Subdivision] paragraph** (c) extends also to interlocutory orders.  **[See Rule]** *See* **Pa.R.A.P. 102 [(definitions)]** where the term "appeal" includes proceedings on petition for review and **petitions for specialized review**.  Ordinarily **[Rule] Pa.R.A.P.** 701 will have no application to matters within the scope of **[Subdivision] paragraph** (b), since that **[subdivision] paragraph** is contingent upon entry of a final order in the form of a sentence of death; the mere possibility of such a sentence is not **[intended to give the] a basis for** Supreme Court direct appellate jurisdiction over interlocutory orders in homicide and related cases**, [since generally a death sentence is not imposed]**, **because it is the imposition of the sentence of death that triggers Supreme Court direct review.  *See* 42 Pa.C.S. § 9711(h)**.

23

**Rule 901. Scope of Chapter.**

This chapter applies to all appeals from a trial court to an appellate court except:

(1)     An appeal by allowance taken under 42 Pa.C.S. § 724 (allowance of appeals from Superior and Commonwealth Courts).  **[See Rule]** _See Pa.R.A.P_. 1112 **[(appeals by allowance)]**.

(2)     An appeal by permission taken **[under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). See Rule 1311 (interlocutory appeals by permission)]** pursuant to Pa.R.A.P. 1311.

(3)     An appeal **[which may be]** taken by petition for **specialized** review pursuant to **[Rule 1762(b)(2), which governs applications relating to bail when no appeal is pending] Chapter 16**.

**[(4)     An appeal which may be taken by petition for review pursuant to Rule 1770, which governs out of home placement in juvenile delinquency matters.]**

**[(5)](4)**          Automatic review of sentences pursuant to 42 Pa.C.S. § 9711(h) (review of death sentence).  **[See Rule]** _See Pa.R.A.P._ 1941 **[(review of death sentences)]**.

 **[(6)     An appeal which may be taken by petition for review pursuant to Rule 3331 (review of special prosecutions or investigations).**

**(7)     An appeal which may be taken only by a petition for review pursuant to Rule 1573, which governs review when a trial court has denied a motion to dismiss on the basis of double jeopardy as frivolous.]**

**Rule 1311.  Interlocutory Appeals by Permission.**

(a)      *General rule.*--An appeal may be taken by permission **from an interlocutory order:**

**(1)      certified** under 42 Pa.C.S. § 702(b) **or for which certification pursuant to 42 Pa.C.S. § 702(b) was denied;** *see* **Pa.R.A.P. 312; [(interlocutory appeals by permission) from any interlocutory order of a trial court or other government unit.  *See* Pa.R.A.P. 312 (interlocutory appeals by permission).]**

**(2)      for which certification pursuant to Pa.R.A.P. 341(c) was denied; or**

**(3)      that determined that a defendant's motion to dismiss on the basis of double jeopardy is frivolous.**

(b)      *Petition for permission to appeal.*—Permission to appeal from an interlocutory order **listed in paragraph (a) [containing the statement prescribed by 42 Pa.C.S. § 702(b)]** may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order **or the date of deemed denial** in the trial court or other government unit with proof of service on all other parties to the matter in the trial court or other government unit and on the government unit or clerk of the trial court, who shall file the petition of record in such trial court.  An application for an amendment of an interlocutory order to set forth expressly **either** the statement specified in 42 Pa.C.S. § 702(b) **or the one in Pa.R.A.P. 341(c)** shall be filed with the trial court or other government unit within 30 days after the entry of such interlocutory order, and permission to appeal may be sought within 30 days after entry of the order as amended.  Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.  If the petition for permission to appeal is transmitted to the prothonotary of the appellate court by means of first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) (filing) on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.  The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the trial court or other government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.  **The petitioner must file the original and one copy.**  Upon actual receipt of the petition for permission to appeal, the prothonotary of the appellate court shall immediately stamp it with the date of actual receipt.  That date,

or the date of earlier deposit in the United States mail as prescribed in this paragraph, shall constitute the date when permission to appeal was sought, which date shall be shown on the docket. The prothonotary of the appellate court shall immediately note the appellate docket number assignment upon the petition for permission to appeal and give notice of the docket number assignment to the government unit or clerk of the trial court, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

(c) *Fee.*—The petitioner upon filing the petition for permission to appeal shall pay any fee therefor prescribed by Chapter 27 (fees and costs in appellate courts and on appeal).

(d) *Entry of appearance.*—Upon the acceptance for filing of the petition for permission to appeal, the prothonotary of the appellate court shall note on the record as counsel for the petitioner the name of counsel, if any, set forth in or endorsed upon the petition for permission to appeal, and, as counsel for other parties, counsel, if any, named in the proof of service. Unless that party is entitled by law to be represented by counsel on a petition for permission to appeal, the prothonotary shall upon *praecipe* of any such counsel for other parties, filed at any time within 30 days after filing of the petition, strike off or correct the record of appearance. If entry of appearance in the trial court extends through appeals, counsel's appearance for a party may not be withdrawn without leave of court. Leave of court to withdraw is also required for any other counsel who have not filed a *praecipe* to correct appearance within the first 30 days after the petition is docketed, unless another lawyer has entered or simultaneously enters an appearance for the party.

Official Note: **[Based on 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). *See* note to Pa.R.A.P. 903 (time for appeal). Compare 42 Pa.C.S. § 5574 (effect of application for amendment to qualify for interlocutory appeal).] Pa.R.A.P. 1311 originally implemented only 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). The accompanying note provided that an order refusing to certify an order as meeting the requirements of 42 Pa.C.S. § 702(b) was reviewed by filing of a petition for review under Chapter 15. The rule was amended in 2020 to expand the use of a petition for permission to appeal to requests for review of interlocutory orders that were not certified for immediate review pursuant to 42 Pa.C.S. § 702(b) or Pa.R.A.P. 341(c) and of interlocutory orders that found a criminal defendant's claim that further proceedings would cause the defendant to be placed in double jeopardy to be frivolous.**

**[See]** *See* the Official Note to Pa.R.A.P. 1112 (appeals by allowance)  for an explanation of the procedure when Form 3817 or other similar United States Postal Service form from which the date of deposit can be verified is used.

**[Where the government unit or trial court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect (as in the Federal practice under 28 U.S.C. § 1292(b)) is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.**

**The 1997 amendment to paragraph (b) provides for a deemed denial where the trial court or other government unit fails to act on the application within 30 days. Under such circumstances, a party may need to file a *praecipe* for entry of the deemed denial pursuant to Pa.R.A.P. 301(d).]**

The Rules of Criminal Procedure require counsel appointed by the trial court to continue representation through direct appeal. Pa.R.Crim.P. 120(A)(4) and Pa.R.Crim.P. 122(B)(2). Similarly, the Rules of Criminal Procedure require counsel appointed in post-conviction proceedings to continue representation throughout the proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief. Pa.R.Crim.P. 904(F)(2) and Pa.R.Crim.P. 904(H)(2)(b). The same is true when counsel enters an appearance on behalf of a juvenile in a delinquency matter or on behalf of a child or other party in a dependency matter. Pa.R.J.C.P. 150(B), 151, Pa.R.J.C.P. 1150(B), 1151(B), (E). It would be rare for counsel in such cases to consider withdrawing by *praecipe*, but the 2020 amendment to the rule avoids any possibility of confusion by clarifying that withdrawal by *praecipe* is available only in matters that do not otherwise require court permission to withdraw.

With respect to appearances by new counsel following the initial docketing of appearances pursuant to paragraph (d) of this rule, please note the requirements of Pa.R.A.P. 120.

**Rule 1312.  Content of the Petition for Permission to Appeal.**

(a)      *General rule.*--The petition for permission to appeal need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1)      A statement of the basis for the jurisdiction of the appellate court.

(2)      The text of the order in question, or the portions thereof sought to be reviewed**, the text of any order ruling on any subsequent request for certification, [(including the statement by the trial court or other government unit that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter),]** and the date of **[its] their** entry in the trial court or other government unit.  If the order**(s) [is] are** voluminous, it may, if more convenient, be appended to the petition.

(3)      A concise statement of the case containing the facts necessary to an understanding of the **[controlling questions of law determined by the] basis for the** order of the trial court or other government unit.

(4)      The **[controlling] proposed** questions **[of law]** presented for review, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement of questions presented will be deemed to include every subsidiary question fairly comprised therein.  Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event permission to appeal is granted.

(5)      A concise statement of the reasons **for an immediate appeal: [why a substantial ground exists for a difference of opinion on the questions and why an immediate appeal may materially advance the termination of the matter.]**

**(i)      For a petition for permission to appeal an order certified pursuant to 42 Pa.C.S. § 702(b), a statement of the reasons why the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an appeal from the order may materially advance the ultimate termination of the matter;**

**(ii)      For a petition for permission to appeal an order for which certification pursuant to 42 Pa.C.S. § 702(b) was denied or**

**deemed denied, a statement of reasons why the order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an appeal from the order may materially advance the ultimate termination of the matter, and why the refusal of certification was an abuse of the trial court's or other government unit's discretion that is so egregious as to justify prerogative appellate correction;**

**(iii) For a petition for permission to appeal an order for which certification pursuant to Pa.R.A.P. 341(c) was denied or deemed denied, the petition must contain a statement of reasons why an immediate appeal would facilitate resolution of the entire case and why the refusal of certification was an abuse of the trial court's or other government unit's discretion that is so egregious as to justify prerogative appellate correction;**

**(iv) For a petition for permission to appeal pursuant to Pa.R.A.P. 1311(a)(3), the petition must set forth why the claim of double jeopardy is colorable.**

(6) There shall be appended to the petition a copy of any opinions delivered relating to the order sought to be reviewed, as well as all opinions of trial courts or other government units in the case, and, if reference thereto is necessary to ascertain the grounds of the order, opinions in companion cases. If whatever is required by this paragraph to be appended to the petition is voluminous, it may, if more convenient, be separately presented.

(7) There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations, or other similar enactments which the case involves, and the citation to the volume and page where they are published, including the official edition, if any.

(8) The certificate of compliance required by Pa.R.A.P. 127.

(b) *Caption and parties.*--All parties to the proceeding in the trial court or other government unit other than petitioner shall be named as respondents, but respondents who support the position of the petitioner shall meet the time schedule for filing papers which is prescribed in this chapter for the petitioner, except that any response by such respondents to the petition shall be filed as promptly as possible after receipt of the petition.

(c) *No supporting brief.*--All contentions in support of a petition for permission to appeal shall be set forth in the body of the petition as prescribed under subparagraph

29

(a)(5).  Neither the briefs below nor any separate brief in support of a petition for permission to appeal will be received, and the prothonotary of the appellate court will refuse to file any petition for permission to appeal to which is annexed or appended any brief below or supporting brief.

(d)  *Essential requisites of petition.*--The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

(e)  *Multiple petitioners.*--Where permitted by Pa.R.A.P. 512 **[(joint appeals)]**, **multiple petitioners may file** a single petition for permission to appeal **[may be filed]**.

**[Official Note:  Based on former Commonwealth Court Rule 114. subparagraph (a)(2) of this rule makes clear that the order of the tribunal below must contain a statement that the order involves a controlling question of law as to which there is a difference of opinion.  Interlocutory appeals as of right may be taken by filing a notice of appeal under Chapter 9, rather than by petition under this rule.** *See* **Pa.R.A.P. 311.]**

**Rule 1316. Incorrect Use of Petition for Permission to Appeal [or Petition for Review].**

(a) *General Rule.*—The appellate court shall treat a request for discretionary review of an order **[which] that** is immediately appealable as a notice of appeal **[under the following circumstances:] if a party has filed a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311**.

**[(1)** where a party has filed a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311; or

**(2)** where a party has filed a timely petition for review from a trial court's refusal of a timely application pursuant to Pa.R.A.P. 1311 to amend the order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b).]**

(b) *Additional Requirements.*—The appellate court may require any additional actions necessary to perfect the appeal.

Official Note: This **[R]rule** requires the appellate court to treat a timely**[, but erroneous,]** petition for permission to appeal pursuant to Pa.R.A.P. 1311 from an order **[which is, in fact,] that is instead** immediately appealable as of right**[,]** as a timely notice of appeal. **[See *Commonwealth v. Shull*, 811 A.2d 1 (Pa.Super. 2002).]** This **[R]rule** supersedes *Thermo-Guard, Inc. v. Cochran*, 596 A.2d 188, 192 (Pa. Super. 1991), which stated, as **[dictum] *dictum***, that "**[ . . . in the future,]** where a petition for permission to appeal seeking review of a final order, appealable as of right, or of an interlocutory order made appealable as of right **[. . .] under Pa.R.A.P. 311,** is filed, this court should simply deny the petition." **[Also, pursuant to subdivision (a)(2) of this Rule, where the trial court refuses an application to amend an order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b), and that order was in fact appealable as of right, the appellate court shall treat a Chapter 15 petition for review of the trial court's refusal to amend as a notice of appeal.]**

Use of the term "notice of appeal" in this **[R]rule** is not intended to preclude treatment of the petition for permission to appeal as a petition for review if the proper method of appeal as of right would be a petition for review addressed to the Commonwealth Court's appellate jurisdiction **[found at] pursuant to** 42 Pa.C.S. § 763.

**Rule 1323.  Denial of Permission to Appeal.**

If the petition for permission to appeal is denied, the prothonotary of the appellate court shall immediately give written notice in person or by first class mail of entry of the order denying permission to appeal to the government unit or clerk of the **[lower]** <u>trial</u> court and to each party who has appeared in the appellate court.  **<u>A party wishing to seek review of the denial in the Supreme Court must file a timely petition for allowance of appeal.</u>**

**Rule 1501. Scope of Chapter.**

(a)     *General rule.*—Except as otherwise prescribed by **paragraphs [Subdivisions]** (b) and (c) of this rule, this chapter applies to **judicial review in**:

(1)     Appeals from an administrative agency (within the meaning of Section 9 of Article V of the Constitution of Pennsylvania) to an appellate court **or pursuant to 42 Pa.C.S. § 763(b)**.

(2)     Appeals to an appellate court pursuant to 2 Pa.C.S. § 702 **[(appeals),] or** 42 Pa.C.S. § 5105 **[(right to appellate review) or any other statute providing for judicial review of a determination of a government unit]**.

(3)     Original jurisdiction actions heretofore cognizable in an appellate court by actions in the nature of equity, replevin, mandamus or **[quo warranto]***quo warranto* or for declaratory judgment, or upon writs of **[certiorari]***certiorari* or prohibition.

(4)     **[Matters designated by general rule, e.g., review of orders refusing to certify interlocutory orders for immediate appeal, release prior to sentence, a]A**ppeals under Section 17(d) of Article II of the Constitution of Pennsylvania **[and review of special prosecutions or investigations]**.

**(5)     Appeals pursuant to Supreme Court general rule, such as those authorized by 42 Pa.C.S. § 725(2)-(5).**

(b)     *Appeals governed by other provisions of rules.*—This chapter does not apply to any appeal within the scope of:

(1)     Chapter 9 **[(appeals from lower courts)]**.

(2)     Chapter 11 **[(appeals from Commonwealth Court and Superior Court)]**.

(3)     Chapter 13 **[(interlocutory appeals by permission)],** except that the provisions of this chapter and ancillary provisions of these rules applicable to practice and procedure on petition for review **[, so far as they may be applied,]** shall be applicable**[: (a) where required by the Note to Rule 341 and the Note to Rule 1311; and (b)]** after permission to appeal has been granted from a determination which, if final, would be subject to judicial review pursuant to this chapter.

(4)     **[Rule 1941 (review of death sentences).]** <u>**Chapter 16.**</u>

<u>**(5)     Pa.R.A.P. 1941.**</u>

(c)     *Unsuspended statutory procedures.*—This chapter does not apply to any appeal pursuant to the following statutory provisions, which are not suspended by these rules:

(1)     **[Section 137 of Title 15 of the Pennsylvania Consolidated Statutes]** <u>**15 Pa.C.S. § 137**</u> (Court to pass upon rejection of documents by Department of State).

(2)     The Pennsylvania Election Code, <u>**Act of June 3, 1937, PL. 1333, as amended, 25 P.S. §§ 2600-3591**</u>.

(d)     *Jurisdiction of courts unaffected.*—This chapter does not enlarge or otherwise modify the jurisdiction and powers of the Commonwealth Court or any other court.

Official Note: **[This chapter applies to review of any ''determination'' of a ''government unit'' as defined in Rule 102 assuming, of course, that the subject matter of the case is within the jurisdiction of a court subject to these rules (see Subdivision (d) of this rule). A ''determination'' means ''action or inaction by a government unit which action or inaction is subject to judicial review by a court under Section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.'' The term ''government unit'' is all inclusive and means ''the Governor and the departments, boards, commissions, officers, authorities and other agencies of the Commonwealth, including the General Assembly and its officers and agencies and any court or other officer or agency of the unified judicial system, and any political subdivision or municipal or other local authority or any officer or agency of any such political subdivision or local authority. The term includes a board of arbitrators whose determination is subject to review under 42 Pa.C.S. § 763(b) (awards of arbitrators).'' The term ''administrative agency'' is not defined in these rules, although the term is used in these rules as a result of its appearance in Section 9 of Article V of the Constitution of Pennsylvania.**

**Subdivision (a)(4) was added in 2004 to recognize the references in various appellate rules and accompanying notes to petition for review practice. For example, the Notes to Rules 341 and 1311 direct counsel to file a petition for review of a trial court or government agency order refusing to certify an interlocutory order for immediate appeal. Similarly, Rule 1762 directs the filing of a petition for review when a party seeks release on bail before judgment of**

sentence is rendered, see Rule 1762(b), and Rule 1770 directs the filing of a petition for review when a juvenile seeks review of placement in a juvenile delinquency matter. A petition for review is also the proper method by which to seek judicial review pursuant to Rule 3321 (regarding legislative reapportionment commission) and Rule 3331 (regarding special prosecutions or investigations). The 2004 and 2012 amendments clarify the use of petitions for review in these special situations.

Subdivision (b) of this rule is necessary because otherwise conventional appeals from a court (which is included in the scope of the term "government unit") to an appellate court would fall within the scope of this chapter under the provisions of Paragraph (a)(2) of this rule.

Subdivision (c) expressly recognizes that some statutory procedures are not replaced by petition for review practice. Thus, matters brought pursuant to Section 137 of the Associations Code governing judicial review of documents rejected by the Department of State or pursuant to the Election Code are controlled by the applicable statutory provisions and not by the rules in Chapter 15. See 15 Pa.C.S. § 137; Act of June 3, 1937, P. L. 1333, as amended 25 P.S. §§ 2600—3591.

In light of Subdivision (d), where the court in which a petition for review is filed lacks subject matter jurisdiction (e.g., a petition for review of a local government question filed in the Commonwealth Court), Rules 741 (waiver of objections to jurisdiction), 751 (transfer of erroneously filed cases) and 1504 (improvident petitions for review) will be applicable. See also 42 Pa.C.S. § 5103.

The 2004 amendments are made to petition for review practice to address the evolution of judicial responses to governmental actions. As indicated in the Note to Rule 1502, when the Rules of Appellate Procedure were initially adopted, there was a "long history in the Commonwealth . . . of relatively complete exercise of the judicial review function under the traditional labels of equity, mandamus, certiorari and prohibition." While such original jurisdiction forms of action are still available, their proper usage is now the exception rather than the rule because appellate proceedings have become the norm. Thus, the need to rely on Rule 1503 to convert an appellate proceeding to an original jurisdiction action and vice versa arises less often. Moreover, the emphasis on a petition for review as a generic pleading that permits the court to simultaneously consider all aspects of the controversy is diminished. The primary concern became making the practice for appellate proceedings more apparent to the occasional appellate practitioner. Accordingly, the rules have been amended to more clearly separate procedures for appellate proceedings from those applicable to original jurisdiction proceedings.

The responsibility of identifying the correct type of proceeding to be used to challenge a governmental action is initially that of counsel. Where precedent makes the choice clear, counsel can proceed with confidence. Where the choice is more problematic, then counsel should draft the petition for review so as to satisfy the directives for both appellate and original jurisdiction proceedings. Then the court can designate the proper course of action regardless of counsel's earlier assessment.]

**This chapter applies to appeals of administrative agency action, original jurisdiction actions cognizable in an appellate court in the nature of actions in equity, replevin, mandamus or *quo warranto* or for declaratory judgment, or upon writs of *certiorari* or prohibition, and appeals of other actions as enumerated in paragraph (a). The document that initiates the case under Chapter 15 is called a petition for review. Judicial review of all other government unit actions or inactions not otherwise permitted under Chapters 9, 11, 13, or 15 is available under Chapter 16; the document that initiates the case under Chapter 16 is called a petition for specialized review. The "residuary" initiating document function previously assigned to Chapter 15 is now assigned to Chapter 16.**

**Rule 1502.  Exclusive Procedure.**

The appeal and the original jurisdiction actions of equity, replevin, mandamus, and **[quo warranto]** _**quo warranto**_, the action for a declaratory judgment, and the writs of **[certiorari]** _**certiorari**_ and prohibition **[are abolished insofar as they relate to matters within the scope of a petition for review under this chapter and]** are <u>replaced by the petition for review</u>.  **[The petition for review, insofar as applicable under this chapter, shall be the exclusive procedure for judicial review of a determination of a government unit.]**

**[Official Note:    This chapter recognizes that the modern label "appeal" has little significance in connection with judicial review of governmental determinations in light of the long history in this Commonwealth of relatively complete exercise of the judicial review function under the traditional labels of equity, mandamus, certiorari and prohibition. If the simple form of notice of appeal utilized in Chapter 9 (appeals from lower courts) were extended to governmental determinations without any requirement for the filing of motions for post-trial relief, a litigant who incorrectly selected the appeal label, rather than the equity, mandamus, replevin, or prohibition, etc. label, would probably suffer dismissal, because the court would be reluctant to try a proceeding in the nature of equity, mandamus, replevin, or prohibition, etc. in the absence of a proper pleading adequately framing the issues.**

**The solution introduced by these rules is to substitute a new pleading (the petition for review) for all of the prior types of pleading which seek relief from a governmental determination (including governmental inaction). Where the reviewing court is required or permitted to hear the matter de novo, the judicial review proceeding will go forward in a manner similar to an equity or mandamus action. Where the reviewing court is required to decide the questions presented solely on the record made below, the judicial review proceeding will go forward in a manner similar to appellate review of an order of a lower court. However, experience teaches that governmental determinations are so varied in character, and generate so many novel situations, that on occasion it is only at the conclusion of the judicial review process, when a remedy is being fashioned, that one can determine whether the proceeding was in the nature of equity, mandamus, prohibition, or statutory appeal, etc. The petition for review will eliminate the wasteful and confusing practice of filing multiple "shotgun" pleadings in equity, mandamus, prohibition, statutory appeal, etc., and related motions for consolidation, and will permit the parties and the court to proceed directly to the merits unencumbered by procedural abstractions.**

**Rule 1551 (scope of review) makes clear that the change in manner of pleading does not change the scope or standard of review of governmental determinations or otherwise affect the substantive rights of the parties.]**

It should be noted that a petition for review in the nature of mandamus or prohibition will lie against a **[lower] trial** court (which is a "government unit"), since such relief is not available under the rules cited in **[Rule] Pa.R.A.P.** 1501(b).

**[See]** *See* 42 Pa.C.S. § 708(e) **[(single form of action)],** which provides as follows:

(e) **[Single form of action]** *Single form of action*.—Where pursuant to general rules review of a determination of a government unit may be had by a petition for a review or another single form of action embracing the appeal and actions in the nature of equity, mandamus, prohibition, **[quo warranto]** *quo warranto,* or otherwise, the jurisdiction of the appellate court shall not be limited by the provisions of 1 Pa.C.S. § 1504 (relating to statutory remedy preferred over common law), but such provisions to the extent applicable shall limit the relief available.

**Rule 1503. Improvident Appeals or Original Jurisdiction Actions.**

If **a filing should be labeled a petition for review, but is not,** **[an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin**, **mandamus, or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit or one or more of the persons for the time being conducting its affairs objecting to a determination by any one or more of them,]** this alone shall not be a ground for dismissal. The **filing** **[papers whereon the improvident matter was commenced]** shall be regarded and acted upon as a petition for review **[of such governmental determination]** and as if filed at the time the improvident **filing was made** **[matter was commenced]**. The court may require that the **filing** **[papers]** be clarified by amendment **or be supplemented**.

Official Note: Based on 42 Pa.C.S. § 708 (improvident administrative appeals and other matters).

**Rule 1504.  Improvident Petitions for Review.**

      If **a filing in a court is labeled as a petition for review but** **[a petition for review is filed against any person, where]** the proper mode of relief is an original jurisdiction action in equity, replevin, mandamus or **[quo warranto]** *quo warranto*, or a petition for a declaratory judgment or for a writ of certiorari or prohibition, this alone shall not be a ground for dismissal**.[, but t]**  **T**he **filing** **[papers whereon the improvident matter was commenced]** shall be regarded and acted upon as a complaint or other proper process **[commenced against such person]** and as if filed at the time the improvident **filing was made** **[matter was commenced]**. The court may require that the **filing** **[papers]** be clarified by amendment.

Official Note: Based on 42 Pa.C.S. § 102 (definitions) (which includes petition for review proceedings within the statutory definition of ''appeal'') and 42 Pa.C.S. § 708(b) (appeals).  When the moving party files a clarifying amendment, the amendment will operate to specify that one form of action which the party elects to proceed on.

**PETITION FOR REVIEW**

**Rule 1511. Manner of Obtaining Judicial Review of Governmental Determinations.**

Review under this chapter shall be obtained by filing a petition for review with the prothonotary of the appellate court within the time allowed by **Pa.R.A.P. 1512** **[Rule 1512 (time for petitioning for review)]**. Failure of a petitioner for review to take any step other than the timely filing of a petition for review does not affect the validity of the review proceeding, but is grounds only for such action as the appellate court deems appropriate, which may include dismissal of the review proceeding.

**Rule 1512. Time for Petitioning for Review.**

(a)    *Appeals authorized by law.*—Except as otherwise prescribed by **paragraph [subdivision]** (b) of this rule:

(1)    A petition for review of a quasijudicial order, or an order appealable under 42 Pa.C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order.

(2)    If a timely petition for review of such an order is filed by a party, any other party may file a **cross-**petition for review within 14 days of the date on which the first petition for review was served, or within the time otherwise prescribed by **subparagraph [subdivision]** (a)(1) of this rule, whichever period last expires.

(b)    *Special appellate provisions.*—A petition for review of:

(1)    A determination of the Department of Community and Economic Development in any matter arising under **[the Local Government Unit Debt Act,]** 53 Pa.C.S. §§ 8001—**[8271,] 8285** shall be filed within 15 days after entry of the order or the date the determination is deemed to have been made, when no order has been entered.

(2)    A determination governed by **Pa.R.A.P. 1571 [Rule 1571]** (determinations of the Board of Finance and Revenue) shall be filed within the appropriate period therein specified.

**(3)    [A determination governed by Rule 3331 (review of special prosecutions or investigations) shall be filed within ten days after the entry of the order sought to be reviewed.]**

**[(4)]**    A determination of a Commonwealth agency under **[section 1711.1(g) of the Commonwealth Procurement Code,]** 62 Pa.C.S. § 1711.1(g)**[,]** shall be filed within 15 days of the mailing date of a final determination denying a protest.

**[(5)    A determination governed by Rule 1770 (review of dispositional order for out of home placement in juvenile delinquency matters) shall be filed within ten days of the order sought to be reviewed.]**

(c)    *Original jurisdiction actions.*—A petition for review of a determination of a government unit **within the scope of Chapter 15 but** not within the scope of

**paragraphs** **[Subdivisions]** (a) or (b) of this rule may be filed with the prothonotary of the appellate court within the time, if any, limited by law.

Official Note: The note to **Pa.R.A.P. 903** **[Rule 903]** (time for appeal) addresses the development of the standard **30-day** **[30 day]** appeal period.  **Pa.R.A.P.** **[Rule]** 102 defines a ''quasijudicial order'' as ''an order of a government unit, made after notice and opportunity for hearing, which is by law reviewable solely upon the record made before the government unit, and not upon a record made in whole or in part before the reviewing court.''

**Paragraph** **[Subdivision]** (c) relates to matters addressed to the original jurisdiction of an appellate court.  For example, equitable matters are governed by existing principles of laches, etc.  Other matters, such as petitions for review raising issues formerly cognizable by action in mandamus or **[quo warranto]** *quo warranto*, etc., are governed by the time limits, if any, applicable under the prior procedure.  **[See generally]** *See generally* 42 Pa.C.S. §§ 1702 (regarding the Supreme Court's rulemaking procedures), 1722(c) (Time limitations), 5501—5574 (Limitations of time).

**Rule 1513. Petition for Review.**

(a)  *Caption and parties on appeal.*--In an appellate jurisdiction petition for review, the aggrieved party or person shall be named as the petitioner**. [and, u]U**nless the government unit is disinterested, the government unit and no one else shall be named as the respondent.  If the government unit is disinterested, all real parties in interest**[, and not the government unit,]** shall be named as respondents **and the disinterested government unit shall be identified in parentheses after the respondents in the caption**.

(b)  *Caption and parties in original jurisdiction actions.*--The government unit and any other indispensable party shall be named as respondents.  Where a public act or duty is required to be performed by a government unit, it is sufficient to name the government unit, and not its individual members, as respondent.

(c)  *Form.*--Any petition for review shall be divided into consecutively numbered paragraphs.  Each paragraph shall contain, as nearly as possible, a single allegation of fact or other statement.  **[When petitioner seeks review of an order refusing to certify an interlocutory order for immediate appeal, numbered paragraphs need not be used.]**

(d)  *Content of appellate jurisdiction petition for review.*--An appellate jurisdiction petition for review shall contain the following:

(1)  a statement of the basis for the jurisdiction of the court;

(2)  the name of the party or person seeking review;

(3)  the name of the government unit that made the order or other determination sought to be reviewed;

(4)  reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered;

(5)  a general statement of the objections to the order or other determination, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record;

(6)  a short statement of the relief sought;

(7)  a copy of the order or other determination to be reviewed, which shall be attached to the petition for review as an exhibit; and

(8)    the certificate of compliance required by Pa.R.A.P. 127.

No notice to plead or verification is necessary.

Where there were other parties to the proceedings conducted by the government unit, and such parties are not named in the caption of the petition for review, the petition for review shall also contain a notice to participate, which shall provide substantially as follows:

If you intend to participate in this proceeding in the (Supreme, Superior, or Commonwealth, as appropriate) Court, you must serve and file a notice of intervention under Pa.R.A.P. 1531 **[of the Pennsylvania Rules of Appellate Procedure]** within 30 days.

(e)    *Content of original jurisdiction petition for review.*--A petition for review addressed to an appellate court's original jurisdiction shall contain the following:

(1)    a statement of the basis for the jurisdiction of the court;

(2)    the name of the person or party seeking relief;

(3)    the name of the government unit whose action or inaction is in issue and any other indispensable party;

(4)    a general statement of the material facts upon which the cause of action is based;

(5)    a short statement of the relief sought;

(6)    a notice to plead and verification either by oath or affirmation or by verified statement; and

(7)    the certificate of compliance required by Pa.R.A.P. 127.

(f)    *Alternative objections.*--Objections to a determination of a government unit and the related relief sought may be stated in the alternative, and relief of several different types may be requested.

Official Note: **[The 2004 amendments to this rule clarify what must be included in a petition for review addressed to an appellate court's appellate jurisdiction and what must be included in a petition for review addressed to an appellate court's original jurisdiction. Where it is not readily apparent whether a "determination" (defined in Pa.R.A.P. 102 as "[a]ction or inaction by a government unit) is**

45

**reviewable in the court's appellate or original jurisdiction, compliance with the requirements of paragraphs (d) and (e) is appropriate.]**

Paragraphs (a) and (b) reflect the provisions of Pa.R.A.P. 501, Pa.R.A.P. 503, **[Section 702 of the Administrative Agency Law,]** 2 Pa.C.S. § 702 (Appeals), and Pa.R.C.P. 1094 (regarding parties defendant in mandamus actions).

Government units that are usually disinterested in appellate jurisdiction petitions for review of their determinations include:

• the Board of Claims,
• the Department of Education (with regard to teacher tenure appeals from local school districts pursuant to **[section 1132 of the Public School Code of 1949,]** 24 P.S. § 11-1132),
• the Environmental Hearing Board,
**• the Office of Open Records,**
• the State Charter School Appeal Board,
• the State Civil Service Commission, and
• the Workers' Compensation Appeal Board.

**Pa.R.A.P. 1513(a) was amended in 2020 to require that the caption of a petition for review from a determination of a disinterested government unit identify the government unit. Thus, the caption of a petition for review from a determination of a government unit listed above should be in the following form:**

**John Doe,**
**Petitioner**
**v.**
**Jane Smith (name of disinterested government unit),**
**Respondent**

The provision for joinder of indispensable parties in original jurisdiction actions reflects the last sentence of **[section 761(c) of the Judicial Code,]** 42 Pa.C.S. § 761(c), providing for the implementation of ancillary jurisdiction of the Commonwealth Court by general rule.

Paragraphs (d) and (e) reflect the differences in proceeding in a court's original and appellate jurisdiction, while preserving the need for sufficient specificity to permit the conversion of an appellate document to an original jurisdiction pleading and vice versa should such action be necessary to assure proper judicial disposition. **Where it is not readily apparent whether a "determination" under Pa.R.A.P. 1501 is reviewable in the court's appellate or original jurisdiction, compliance with the**

**requirements of both paragraphs (d) and (e) is appropriate.** [See also the notes to Pa.R.A.P. 1501 and 1502.]

**[Official Note -- 2014]**

The 2014 amendments to Pa.R.A.P. 1513(d) relating to the general statement of objections in an appellate jurisdiction petition for review are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief. The amendment neither expands the scope of issues that may be addressed in an appellate jurisdiction petition for review beyond those permitted in Pa.R.A.P. 1551(a) nor affects Pa.R.A.P. 2116's requirement that "[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby."

**Rule 1514. Filing and Service of the Petition for Review.**

(a)     *Filing with the prothonotary.*--The petition for review, with proof of **the** service **that is** required by **paragraph [Subdivision]** (c) of this rule, shall be filed with the prothonotary of the appellate court in person or by first class, express, or priority United States Postal Service mail.

If the petition for review is filed by first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of **Pa.R.A.P. 121(a) [Rule 121(a) (filing)]** on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Upon actual receipt of the petition for review, the prothonotary shall immediately:

(1)     stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this **paragraph [subdivision]**, shall constitute the date of filing;

(2)     assign a docket number to the petition for review; and

(3)     give written notice of the docket number assignment in person or by first class mail to the government unit that made the determination sought to be reviewed, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

(b)     *Fee.*--The petitioner, upon filing the petition for review, shall pay any fees therefor as set by law or general rule.

(c)     *Service.*--A copy of the petition for review shall be served by the petitioner in person or by certified mail on **both** the government unit that made the determination sought to be reviewed **and the Attorney General of Pennsylvania**. **[In matters involving the Commonwealth, the petitioner shall similarly serve a copy upon the Attorney General of Pennsylvania.]** Where there is more than one respondent, the petitioner shall separately serve each one.  All other parties before the government unit that made the determination sought to be reviewed shall be served as prescribed by **Pa.R.A.P. 121(b) [Rule 121(b) (service of all papers required)]**.

(d)     *Entry of appearance.*--Upon the filing of the petition for review, the prothonotary shall note on the docket as counsel for the petitioner the name of counsel, if any, set forth in or endorsed upon the petition for review, and, as counsel for other parties, counsel, if any, named in the proof of service. The prothonotary shall, upon **[praecipe]***praecipe* of any such counsel for other parties, filed within 30 days after filing of the petition, strike off or correct the record of appearances. Thereafter a counsel's appearance for a party may not be withdrawn without leave of court, unless another lawyer has entered or simultaneously enters an appearance for the party.

Official Note: **[See]** *See* the Official Note to **Pa.R.A.P. 1112** **[Rule 1112]** (appeals by allowance) for an explanation of the procedure when Form 3817 or other similar United States Postal Service form from which the date of deposit can be verified is used.

The petition for review must be served on the government unit that made the determination in question.  **[Rule 102 defines "government unit" as including "any court or other officer or agency of the unified judicial system." Thus, a petition for review of a trial court order must be served on the judge who issued the order.]**

Service on the Attorney General shall be made at: Strawberry Square, Harrisburg, PA 17120.

With respect to appearances by new counsel following the initial docketing of appearances pursuant to **paragraph [Subdivision]** (d) of this rule, please note the requirements of **Pa.R.A.P. [Rule]** 120.

**Rule 1515.  Rescinded.**

Official Note: **Pa.R.A.P. [Rule]** 1515 formerly provided for an answer to a petition for review addressed to an appellate court's original jurisdiction.  Answers to such petitions are now discussed in **Pa.R.A.P. [Rule]** 1516.

**Rule 1516. Other Pleadings Allowed.**

(a) *Appellate jurisdiction petitions for review.*—No answer or other pleading to an appellate jurisdiction petition for review is authorized, unless the petition for review is filed pursuant to **[the notes to Pa.R.A.P. 341 or 1311 (seeking review of a trial court or other government unit's refusal to certify an interlocutory order for immediate appeal), Pa.R.A.P. 1573 (review of orders finding an assertion of double jeopardy frivolous), Pa.R.A.P. 1762 (regarding release in criminal matters), Pa.R.A.P. 1770 (regarding placement in juvenile delinquency matters), Pa.R.A.P. 3321 (regarding appeals from decisions of the Legislative Reapportionment Commission) or Pa.R.A.P. 3331 (regarding review of special prosecutions and investigations)]** <u>Pa.R.A.P. 3321 (appeals from Legislative Reapportionment Commission)</u>. Where an answer is authorized, the time for filing an answer shall be as stated in Pa.R.A.P. 123(b), and the answer shall contain the certificate of compliance required by Pa.R.A.P. 127.

(b) *Original jurisdiction petitions for review.*—Where an action is commenced by filing a petition for review addressed to the appellate court's original jurisdiction, the pleadings are limited to the petition for review, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, **[a]** preliminary objection<u>s</u>, and **[an]** answer<u>s</u> thereto. A pleading shall contain the certificate of compliance required by Pa.R.A.P. 127. Every pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading is endorsed with a notice to plead.

Official Note: **[The 2004, 2012, and 2013 amendments made clear that, with limited exceptions, no answer or other pleading to a petition for review addressed to an appellate court's appellate jurisdiction is proper.]** With regard to original jurisdiction proceedings, practice is patterned after **<u>Pa.R.C.P. 1017(a) (Pleadings Allowed) and 1026 (Time for Filing. Notice to Plead)</u> [Rules of Civil Procedure 1017(a) (Pleadings Allowed) and 1026 (Time for Filing. Notice to Plead)]**. The ten additional days in which to file a subsequent pleading are in recognition of the time required for agency coordination where the Commonwealth is a party. **[*See* Pa.R.A.P. 1762(b)(2) regarding bail applications. *See* Pa.R.A.P. 1770 regarding placement in juvenile delinquency matters.]**

**Rule 1517. Applicable Rules of Pleading.**

Unless otherwise prescribed by these rules, the practice and procedure under this chapter relating to pleadings in original jurisdiction petition for review practice shall be in accordance with the appropriate Pennsylvania Rules of Civil Procedure, so far as they may be applied.

**[Official Note:       See Rule 1762(b)(2) regarding bail applications. See Rule 1770 regarding placement in juvenile delinquency matters.   See also Rule 3331 regarding Review of Special Prosecutions or Investigations.]**

**Rule 1531. Intervention.**

(a) *Appellate jurisdiction petition for review proceedings*. A party to a proceeding before a government unit that resulted in a quasijudicial order may intervene as of right in a proceeding under this chapter relating to such order by filing a notice of intervention (with proof of service on all parties to the matter) with the prothonotary of the appellate court within 30 days after notice of the filing of the petition for review. The notice of intervention may be in substantially the following form:

**[[CAPTION]]**

**NOTICE OF INTERVENTION**

Notice is hereby given that A.B., a party below, hereby intervenes in this matter.

(s)_____

_____
(Address and telephone number)

After 30 days after notice of filing of an appellate petition for review, permission to intervene may be sought by application pursuant to **Pa.R.A.P. [Rule]** 123.

(b) *Original jurisdiction petition for review proceedings*. A person not named as a respondent in an original jurisdiction petition for review**[,]** who desires to intervene in a proceeding under this chapter, may seek leave to intervene by filing an application for leave to intervene (with proof of service on all parties to the matter) with the prothonotary of the court. The application shall contain a concise statement of the interest of the applicant and the grounds upon which intervention is sought.

Official Note: A nonparty may file a brief as of right under **Pa.R.A.P. 531 [Rule 531]** (participation by **[amicus curiae]** *amicus curiae*) and, therefore, intervention is not necessary in order to participate in the appellate court where the petition for review is filed. However, except as provided in **[Rule] Pa.R.A.P.** 521(b) (status of Attorney General) and **[Rule] Pa.R.A.P.** 522(b) (status of Court Administrator), the mere filing of a brief does not confer party status. Where, for example, a nonparty to a petition for review proceeding in the Commonwealth Court desires to be in a position to seek further review in the Supreme Court of Pennsylvania or the Supreme Court of the United States of an order of the Commonwealth Court disposing of the petition for review, the nonparty should intervene or seek leave to intervene in the Commonwealth Court at the outset, **[since] because** under **Pa.R.A.P. 501 [Rule 501 (any aggrieved party may appeal)]**, party status is a prerequisite to the right to further review.

**[See Rule 3331 regarding Review of Special Prosecutions or Investigations.]**

**Rule 1532. Special and Summary Relief.**

(a)    *Special relief*.--At any time after the filing of a petition for review, the court may, on application, order the seizure of property, dispose of seized property, issue a preliminary or special injunction, appoint a temporary receiver, or grant other interim or special relief required in the interest of justice and consistent with the usages and principles of law.

(b)    *Summary relief*.--At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear.

Official Note: **Paragraph [Subdivision]** (a) provides examples of specific types of interim relief that may be sought using the procedures set forth in **Pa.R.A.P. 123 [Rule 123 (application for relief)]**. Thus, multiple forms of relief, including those in the alternative, may be combined in the same application, even though separate actions might otherwise be necessary under the Pennsylvania Rules of Civil Procedure. **[Compare Rule 106 (original jurisdiction matters);]** *Compare* **Pa.R.A.P. 106 (original jurisdiction matters)** *with* 42 Pa.C.S. § 708(e) (single form of action).

**Paragraph [Subdivision]** (b) authorizes immediate disposition of a petition for review, similar to the type of relief envisioned by the Pennsylvania Rules of Civil Procedure regarding judgment on the pleadings and peremptory and summary judgment. However, such relief may be requested before the pleadings are closed where the right of the applicant is clear.

**[See Rule 3331 regarding Review of Special Prosecutions or Investigations.**

**The 1997 amendment to subdivision (b) is analogous to the 1996 amendment to Pa.R.C.P. 1098. The deletion of the last sentence of Rule 1532(b) is intended to eliminate the requirement of filing a motion to open or vacate the order granting summary relief. Under prior practice, a party was required to file a motion to open or vacate the order granting summary relief before an appeal could be taken. An order denying an application for summary relief is not appealable as of right.]**

**Rule 1541.  Certification of the Record.**

Upon notice from the appellate court of the filing of a petition for review addressed to the appellate jurisdiction of an appellate court, the government unit shall prepare and transmit the record as provided by Chapter 19 **[(preparation and transmission of record and related matters)]**.

**[Official Note:  Rule 102 defines ''government unit'' to include ''any court or other officer or agency of the unified judicial system.'' Thus, if the order to be reviewed was filed by a trial court, that court shall certify the record. This occurs when the petition for review was filed pursuant to Rule 1762, 1770, 3321 or 3331, or the note to Rules 341 or 1311.**

**See Rule 3331 regarding Review of Special Prosecutions or Investigations.]**

**Rule 1542. Evidentiary Hearing.**

In any matter addressed to the appellate court's original jurisdiction**[,]** where it appears that a genuine issue as to a material fact has been raised by the pleadings, depositions, answers to interrogatories, stipulations of fact, admissions on file**,** and supporting verified statements, if any, the court on its own motion or on application of any party shall, after notice to the parties, hold an evidentiary hearing for the development of the record.

Official Note: In view of **[Rule]** **Pa.R.A.P.** 106 (original jurisdiction matters) and **[Rule]** **Pa.R.A.P.** 1532 (special and summary relief), motions for judgment on the pleadings, Pa.R.C.P. 1034, summary relief and summary judgment, Pa.R.C.P. **1035.1-1035.5 [1035]**, will be available where a petition for review invoking the appellate court's original jurisdiction has been filed.  The procedure under this rule is intended to be flexible, although **it remains** subject to the control of the appellate court **[by]** either **by** rule of court adopted pursuant to **Pa.R.A.P. 104(a)(3) [Rule 104(a)(3) (rules of court)]** or by order**.**

**[See Rule 3331 regarding Review of Special Prosecutions or Investigations.]**

**Rule 1543.  Rescinded.**

**[Official Note:      See 42 Pa.C.S. § 5104 (trial by jury).**

**See Rule 3331 regarding Review of Special Prosecutions or Investigations.]**

**Rule 1551.  Scope of Review.**

(a)    *Appellate jurisdiction petitions for review*.--Review of quasijudicial orders shall be conducted by the court on the record made before the government unit.  **[No] Only** question**s raised before the government unit** shall be heard or considered**, [by the court which was not raised before the government unit]** except:

(1)    Questions involving the validity of a statute.

(2)    Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

(3)    Questions **[which] that** the court is satisfied **[that]** the petitioner could not by the exercise of due diligence have raised before the government unit.  If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be **[so]** raised**,** it shall remand the record to the government unit for further consideration of the additional question.

The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

(b)    *Original jurisdiction petitions for review*.--The court shall hear and decide original jurisdiction petitions for review in accordance with law.  This chapter is not intended to modify, enlarge**,** or abridge the rights of any party to an original jurisdiction petition for review.

**[Official Note:    Subdivision (a) is a generalization of former Pa.R.C.P. 8 and makes no change in substance except to provide that procedural issues not raised below are waived—unless excused under Paragraph (a)(3).  Compare Rule 302 (requisites for reviewable issue).**

**Subdivision (b) is based on Section 10(c) of Article V of the Constitution of Pennsylvania, which prevents this chapter from enlarging the substantive rights of the petitioner or abridging the substantive rights of the government unit named in the petition.  Under the new practice, the appellate judge should inquire: "Assuming that this case had been properly brought before me by a complaint in equity (or in mandamus, replevin, quo warranto, etc., or by two or more of such actions properly consolidated for hearing and disposition) containing the factual allegations of the petition for review, to what relief, if any, would the moving party have been entitled under the prior practice?"  This rule makes clear that the moving party is entitled to the same relief, and no more, under the new practice,**

since only the procedural requirement for separately labeled papers has been eliminated.

For example, where a party joins both a challenge to the action of a government unit in the nature of an appeal and a challenge to the composition of the government unit in the nature of quo warranto, the latter challenge will come too late under the standards of *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974). Similarly, where a petition for review in the nature of prohibition is filed in the Supreme Court to attack an unappealable order of a lower court, in a case where relief would not have been available on an application for a writ of prohibition under the standards of *Carpentertown Coal and Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948) and subsequent cases, the change in the label of the papers to a petition for review will not affect the result, and the petition will be dismissed.

See Rule 3331 regarding Review of Special Prosecutions or Investigations.]

**Rule 1561. Disposition of Petition for Review.**

(a)    *Appellate jurisdiction petitions for review.*—The court may affirm, modify, vacate, set aside, or reverse any order brought before it for review, and **it** may remand the matter and direct the entry of such appropriate order, or require such further proceedings as may be just under the circumstances.

(b)    *Original jurisdiction petitions for review.*—Where the petition for review raises questions that formerly were determinable in an action in equity, replevin, mandamus, **or [quo warranto]** *quo warranto,* or for a declaratory judgment or upon a petition for a writ of **[certiorari]** *certiorari* or prohibition, or in another similar plenary action or proceeding, the court may grant the relief heretofore available in any such plenary action or proceeding.

(c)    *Money damages.*—Money damages arising out of tort or contract claims may not be granted under this chapter (except on review of determinations of the Board of Claims or similar agencies), but relief granted under **paragraph [Subdivision]** (b) of this rule may include any damages to which the petitioner is entitled which are claimed in the petition, which are ancillary to the matter, and which may be granted by a court.

**[(d)    *Review of detention.*—Except as prescribed by Rule 1762(b)(2), which governs applications relating to bail when no appeal is pending, or by Rule 3331 (review of special prosecutions or investigations), review in the nature of criminal habeas corpus or post conviction relief may not be granted under this chapter.]**

Official Note: **Paragraph [Subdivision]** (a) is based on 42 Pa.C.S. § 706 (disposition of appeals).

**Paragraph [Subdivision]** (b) is based on 42 Pa.C.S. § 708(e) (single form of action), **[(]**which provides that 1 Pa.C.S. § 1504 (statutory remedy preferred over common law) does not limit the jurisdiction of a court over a petition for review proceeding, but to the extent applicable **[shall]** limit**s** the relief available**[)],** and 42 Pa.C.S. § 5105(d)(2) (scope of appeal).   Under 42 Pa.C.S. § 102 **[(definitions)]**, statutory references to ''appeal'' include proceedings on petition for review. The **paragraph [subdivision]** is intended to make clear that the petition for review is a generic pleading **[**which**] that** will permit the court to consider simultaneously all aspects of the controversy.

**Paragraph [Subdivision]** (c) is intended to make clear that the petition for review does not encompass trespass or assumpsit actions, but that an appeal may reach tort or contract matters adjudicated by a government unit as contemplated by Section 2(h) of the Judiciary Act Repealer Act, **[(]**42 P.S. § 20002(h)**[)]**.   As to ancillary

60

statutory damages, **[**see**]** *<u>see</u>* 42 Pa.C.S. § 8303 (action for performance of a duty required by law).

**[Subdivision (d) is intended to make clear that the scope of this chapter is essentially civil in nature.  The application of the petition for review to questions of release prior to sentence in criminal matters and in questions arising out of special prosecutions or investigations is merely a recognition of the technical need for a plenary filing to bring the question within the appellate jurisdiction of the appropriate court.**

**See Rule 1762(b)(2) regarding bail applications.]**

# REVIEW OF DETERMINATIONS OF THE BOARD OF FINANCE
# AND REVENUE

## Rule 1571.  Determinations of the Board of Finance and Revenue.

(a)    *General rule.*—Review of a determination of the Board of Finance and Revenue shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule.

(b)    *Time for petitioning for review.*—A petition for review of a determination of the Board of Finance and Revenue shall be filed:

(1)    Within 30 days after entry of an order of the Board which does not expressly state that it is interlocutory in nature.

(2)    Within 30 days after entry of an order of the Board adopting a determination by the Department of Revenue or other government unit made at the direction of the Board respecting any matter pending before the Board.

(3)    Where the Board is required by statute to act finally on any matter pending before it within a specified period after the matter is filed with the Board and has not done so, at any time between:

(i)    the expiration of such specified period; and

(ii)    30 days after service of actual notice by the Board stating that it has failed to act within such period.

(c)    *Form.*—The petition for review shall contain**:**

**(1)**    a statement of the basis for the jurisdiction of the court;

**(2)**    the name of the party seeking review;

**(3)**    a statement that the Board of Finance and Revenue made the determination sought to be reviewed;

**(4)**    reference to the order or other determination sought to be reviewed; and a general statement of the objections to the order or other determination.

The petition for review need not be verified and shall not contain or have endorsed upon it notice to plead.  A petition for review of a taxpayer or similar party shall name the

"Commonwealth of Pennsylvania" as respondent and a petition for review filed by the Commonwealth of Pennsylvania shall name all real parties in interest before the Board as respondents. The petition for review shall contain the certificate of compliance required by Pa.R.A.P. 127.

(d)    *Service.*—In the case of a petition for review **filed** by a taxpayer or similar party, **the petitioner shall serve** a copy of the petition **[shall be served]** on the Board of Finance and Revenue and on the Attorney General **[by the petitioner]** in accordance with Pa.R.A.P. 1514(c). All other parties before the Board shall be served as prescribed by Pa.R.A.P. 121(b) (service of all papers required).

(e)    *Answer.*—An answer may not be filed to a petition for review of a determination of the Board of Finance and Revenue. The Commonwealth may raise any question on review, **[although] even if** no **[cross petition] cross-petition** for review has been filed by it, and may introduce any facts in support of its position **[if] so long as it provides the petitioner with [20 days]** written notice **20 days [is given to the petitioner]** prior to trial of **[the] its** intention of raising **[such]** new questions or presenting new facts.

(f)    *Record.*—No record shall be certified to the court by the Board of Finance and Revenue. After the filing of the petition for review, the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. ***See Pa.R.A.P. 1542 [See Rule 1542]*** (evidentiary hearing).

(g)    *Oral argument.*—Except as otherwise ordered by the court on its own motion or on application of any party, after the record is closed, the matter may be listed for argument before or submission to the court.

(h)    *Scope of review.*—Pa.R.A.P. 1551(a) (appellate jurisdiction petitions for review) shall be applicable to review of a determination of the Board of Finance and Revenue except that:

(1)    A question will be heard and considered by the court if it was raised at any stage of the proceedings below and thereafter preserved.

(2)    To the extent provided by the applicable law, the questions raised by the petition for review shall be determined on the record made before the court. *See* paragraph (f) of this rule.

(i)    *Exceptions.*—Any party may file exceptions to an initial determination by the court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of Pa.R.A.P.

1701(b)(3) (authority of a trial court or **[agency] <u>other government unit</u>** after appeal)**,** of an order expressly granting reconsideration of the determination previously entered by the court.  Issues not raised on exceptions are waived and cannot be raised on appeal.

Official Note: Paragraph (b) represents an exercise of the power conferred by 42 Pa.C.S. § 5105(a) (right to appellate review) to define final orders by general rule.  The following statutes expressly require the Board of Finance and Revenue to act within six months in certain cases:

Section 1103 of The Fiscal Code, Act of April 9, 1929 (P.L. 343), 72 P.S. § 1103.

Section 2005 (malt beverage tax) of The Tax Reform Code of 1971, Act of March 4, 1971 (P.L. 6), 72 P.S. § 9005.

The following statute requires the Board of Finance and Revenue to act within twelve months in certain tax refund matters:

Section 3003.5 of the Tax Reform Code of 1971, Act of March 4, 1971 (P.L. 6), 72 P.S. § 10003.5.

The following statutes are covered by Section 1103 of The Fiscal Code:

Sections 809 (various insurance taxes) and 1001 (miscellaneous settlements**,** for example, under Section 212 of The Insurance Department Act of 1921, Act of May 17, 1921 (P.L. 789), 40 P.S. § 50) of the Fiscal Code, Act of April 9, 1929 (P.L. 343), 72 P.S. §§ 809 and 1001.

Section 6 of the Co-operative Agricultural Association Corporate Net Income Tax Act, Act of May 23, 1945 (P.L. 893), 72 P.S. §**§** 3420-21**[,]** *et seq*.

Sections 407 (corporate net income tax), 603 (capital stock—franchise tax), 702 (bank and trust company shares tax), 802 (title insurance companies shares tax), 904 (insurance premiums tax), 1102 (gross receipts tax), 1111-C (realty transfer tax)**,** and 1503 (mutual thrift institutions tax) of the Tax Reform Code of 1971, Act of March 4, 1971 (P.L. 6), 72 P.S. §§ 7407, 7603, 7702, 7802, 7904, 8102, 8111-C, and 8503.

75 Pa.C.S. § 9616(f) (motor carriers road tax).

The basis of jurisdiction of the court under this rule will ordinarily be 42 Pa.C.S. § 763 (direct appeals from government agencies).  Paragraph (c) is not intended to change the practice in connection with the review of orders of the Board of Finance and Revenue insofar as the amount of detail in the pleadings is concerned.  What is

required is that the petitioner raise **in the petition for review** every legal issue **[in the petition for review which] that** the petitioner wishes the court to consider.  The legal issues raised need only be specific enough to apprise the respondent of the legal issues being contested (**[e.g.] for example,** ''valuation,'' ''manufacturing,'' ''sale for resale,'' etc.).  *See generally House of Pasta, Inc. v. Commonwealth*, 390 A.2d 341 (Pa. Cmwlth. 1978).

Paragraph (e) is based on Section 1104(e) of The Fiscal Code, which was suspended absolutely by these rules, and subsequently repealed.

Paragraph (f) is based on 2 Pa.C.S. § 501(b)(1) **[(scope of subchapter)]** and 2 Pa.C.S. § 701(b)(1) **[(scope of subchapter)]**, which exclude tax matters from the on-the-record review requirements of 2 Pa.C.S. § 704 **[(disposition of appeal)]**.

Paragraph (h) is based on Section 1104(d) of The Fiscal Code, which was suspended absolutely by these rules and subsequently repealed, and is intended as a continuation of the prior law, except, of course, that the separate specification of objections has been abolished by these rules.

Paragraph (i) is intended to make clear that the failure to file exceptions will result in waiver by a petitioner of any issues previously presented to the Commonwealth Court.

*See also* Pa.R.A.P. 1782 (security on review in tax matters).

**[REVIEW OF DETERMINATIONS BY A COURT OF COMMON PLEAS THAT A CLAIM OF DOUBLE JEOPARDY IS FRIVOLOUS]**

**Rule 1573. [Review of Orders in Which the Court Finds an Assertion of Double Jeopardy Frivolous]** <u>Reserved</u>.

[(a) *General rule.*—Any party seeking review of a frivolousness determination by a court of common pleas under Pennsylvania Rule of Criminal Procedure 587 shall file a petition for review in the appellate court having jurisdiction over the matter. Review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587 shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule. The time for filing is provided for in Pa.R.A.P. 1512(a)(1).

(b) *Contents.*—The contents of the petition for review are not governed by Pa.R.A.P. 1513. Instead, the petition for review need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1) A statement of the basis for the jurisdiction of the appellate court.

(2) The text of the order in question, and the date of its entry in the trial court. If the order is voluminous, it may, if more convenient, be appended to the petition.

(3) A concise statement of the case containing the facts necessary to an understanding of the frivolousness issue(s) presented.

(4) The question(s) presented, expressed in the terms and circumstances of the case but without unnecessary detail.

(5) A concise statement of the reasons why the trial court erred in its determination of frivolousness.

(6) There shall be appended to the petition a copy of any opinions relating to the order sought to be reviewed, including findings of fact and conclusions of law in support of the frivolousness determination, as well as a copy of any transcripts or other record documents necessary to the appellate court's review.

**(7)** There shall be appended to the petition the verbatim texts of the pertinent provisions of constitutional provisions, statutes, ordinances, regulations or other similar enactments which the case involves.

**(8)** There shall be appended to the petition any briefs filed in the trial court in support of the motion to dismiss.

**(9)** The certificate of compliance required by Pa.R.A.P. 127.

**(c)** *Caption and parties.*—The parties in the trial court shall be named as parties in the appellate court. If there are multiple defendants but the order for which review is sought adjudicates the motion of only a single defendant, only that defendant may file a petition for review.

**(d)** *No supporting brief.*—All contentions in support of a petition shall be set forth in the body of the petition as prescribed by subparagraph (b)(v) of this rule. No separate brief in support of the petition for review will be received, and the prothonotary of the appellate court will refuse to file any petition for review to which is annexed or appended any brief other than the briefs filed in the trial court.

**(e)** *Essential requisites of petition.*—The failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition.

**(f)** *Effect of filing petition.*—The filing of a petition for review shall not automatically stay the proceedings before the trial court. A petitioner may file an application for a stay in the trial or appellate court pending the determination of the petition for review, or the trial or appellate court may issue a stay *sua sponte*.

**(g)** *Answer to petition for review.*—If the Commonwealth does not intend to file an answer under this rule, it shall, within the time fixed by these rules for filing an answer, file a letter stating that it does not intend to file an answer to the petition for review. The failure to file an answer will not be construed as concurrence in the petition for review. The appellate court may, however, direct the Commonwealth to file an answer. An answer to a petition for review shall contain the certificate of compliance required by Pa.R.A.P. 127.

**(h)** Pa.R.A.P. 1531—1571 do not apply to petitions for review filed under this rule. Pa.R.A.P. 1514 does apply, except that no copy of the petition needs to be served upon the Attorney General.

(i)     *Grant of petition for review and transmission of record.*—If the petition for review is granted, the prothonotary of the appellate court shall immediately give written notice of the entry of the order to the clerk of the trial court and to each party who has appeared in the appellate court. The grant of the petition for review shall operate as a stay of all trial court proceedings. The clerk of the trial court shall docket the notice in the same manner as a notice of appeal and shall mail that notice to all parties to the trial court proceeding. The certified record shall be transmitted and filed in accordance with Chapter 19 (preparation and transmission of the record and related matters). The times fixed by those provisions for transmitting the record shall run from the date of the entry of the order granting the petition for review. No party needs to file a separate notice of appeal.

(j)     *Denial of petition for review.*—If the petition for review is denied, the prothonotary of the appellate court shall immediately give written notice of the order to the clerk of the trial court and to each party who has appeared in the appellate court.]

**Official Note:** [The trial court's determination and the procedure for determining a motion to dismiss on double jeopardy grounds is set forth in Pa.R.Crim.P. 587. If a trial court denies such a motion without expressly finding that the motion is frivolous, the order is immediately appealable by means of a notice of appeal under Pa.R.A.P. 313. If, however, the trial court finds the motion to be frivolous, appellate review can be secured only if the appellate court grants a petition for review. *See Commonwealth v. Orie,* 22 A.3d 1021 (Pa. 2011); *Commonwealth v. Brady,* 508 A.2d 286 (Pa. 1986). If the Superior Court does not grant the petition for review, the defendant may file a petition for allowance of appeal with the Supreme Court.

Where the petition for review of the determination of frivolousness is granted, the grant automatically initiates a separate appeal on the merits from the order denying the pretrial motion seeking dismissal of criminal charges on double jeopardy grounds.

A party may seek (or a court may *sua sponte* issue) a stay of the trial court proceedings pending review of the frivolousness determination. Otherwise, the trial court may proceed while the petition for review is pending. *See* Pa.R.A.P. 1701(d).  Where the petition for review of the determination of frivolousness is granted, the grant automatically stays further proceedings in the trial courts.]

**Pa.R.A.P. 1573 formerly provided for review of orders in which the court finds an assertion of double jeopardy frivolous. The substance of the rule is now found in Pa.R.A.P. 1311.**

(This is an entirely new chapter)

# CHAPTER 16

# SPECIALIZED REVIEW

## IN GENERAL

Rule 1601. Scope of Chapter.
Rule 1602. Filing.
Rule 1603. Form and Content.
Rule 1604. Service
Rule 1605. Response to Petition.
Rule 1606. Further Review

## SPECIFIC PETITIONS FOR SPECIALIZED REVIEW

Rule 1610. Review of Bail Orders
Rule 1611. Review of Special Prosecution Orders
Rule 1612. Review of Out-of-Home Placement in Juvenile Delinquency
Rule 1613. Review of Orders Affecting the Duration of an Indicting Grand Jury

## IN GENERAL

### Rule 1601. Scope of Chapter.

This chapter provides a petition procedure for appellate review of certain discrete issues. Generally, these matters are ancillary and/or preliminary to appellate review under Chapters 9, 11, 13, or 15, but the chapter also is intended to provide the method for initiating any otherwise-authorized form of appellate review that does not fall within those chapters.

The procedure applicable under this chapter is provided in Pa.R.A.P. 1602-1605, unless otherwise prescribed by statute or rule relating to a particular category of petition for specialized review.

Official Note: Judicial review of government unit actions or inactions not otherwise permitted under Chapters 9, 11, 13 or 15, including those enumerated in Pa.R.A.P. 1601, is available under Chapter 16 to the extent delineated in its provisions. The document that initiates the case under Chapter 16 is called a petition for specialized review. The "residuary" initiating document function previously assigned to Chapter 15 is now assigned to Chapter 16.

70

**Rule 1602. Filing.**

(a)    *Time for filing.*—Unless a statute, rule, or order of a court provides for a different time of filing a petition for specialized review, the petition for specialized review shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order sought to be reviewed.  The petition shall be deemed filed on the date mailed if the petitioner complies with the requirements set forth in paragraph (b).

(b)    *Deemed received on date of mailing.*—If the petition for specialized review is transmitted to the prothonotary of the appellate court by means of first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified.

The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the trial court or other government unit and shall be either enclosed with the petition or separately mailed to the prothonotary. Upon actual receipt of the petition for specialized review the prothonotary of the appellate court shall immediately stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed in this paragraph, shall constitute the date of filing, which date shall be shown on the docket.

The prothonotary of the appellate court shall immediately note the appellate docket number assignment upon the petition and give written notice of the docket number assignment in person or by first class mail to the government unit or clerk of the trial court, to the petitioner and to the other persons named in the proof of service accompanying the petition.

(c)    *Fee.*—The petitioner, upon filing the petition for specialized review, shall pay any fee therefor prescribed by Chapter 27.

(d)    *Entry of appearance.*--Upon the filing of the petition for specialized review, the prothonotary of the appellate court shall note on the record as counsel for the petitioner the name of counsel, if any, set forth in or endorsed upon the petition for specialized review, and, as counsel for other parties, counsel, if any, named in the proof of service. The prothonotary shall upon *praecipe* of any such counsel for other parties, filed at any time within 30 days after filing of the petition, strike off or correct the record of appearance.  Thereafter a counsel's appearance for a party may not be withdrawn without leave of court, unless another lawyer has entered or simultaneously enters an appearance for the party.

71

**Rule 1603.  Form and Content.**

(a)    *Caption and parties.*—All parties to the proceeding in the trial court or other government unit other than the petitioner shall be named as respondents.

(b)    *Title.*—If the petition for specialized review is filed pursuant to Pa.R.A.P. 1610-1613, the title of the petition shall include a reference to the specific rule invoked.

(c)    *Content.*—The petition for specialized review need not be set forth in numbered paragraphs in the manner of a pleading, and shall contain the following (which shall, insofar as practicable, be set forth in the order stated):

(1)    a statement of the basis for the jurisdiction of the appellate court.

(2)    the name of the party or person seeking review.

(3)    the text of the order in question, and the date of its entry. If the order  is voluminous, it may, if more convenient, be appended to the petition. If the petition seeks review of a deemed denial, it should so state.

(4)    a concise statement of the case containing the facts necessary to an understanding of the issue(s) presented.

(5)    the question(s) presented, expressed in the terms and circumstances of the case but without unnecessary detail.

(6)    a concise statement of the reasons why the trial court or other government unit erred.

(7)    a copy of any opinions relating to the order sought to be reviewed, including findings of fact and conclusions of law, as well as a copy of any other record documents necessary to the appellate court's review.

(8)    the certificate of compliance required by Pa.R.A.P. 127.

(d)    *Supporting brief.*—No supporting brief is permitted or required; the petition for specialized review shall present all contentions and arguments relied on with accuracy, brevity, and clarity.

(e)    *Length.*—A petition for specialized review shall not exceed 9,000 words. A petition for specialized review that does not exceed 20 pages when produced by a word processor or typewriter shall be deemed to meet the 9,000 word limit.  In all other cases, the attorney or the unrepresented filing party shall include a certification that the

petition complies with the word count limit. The certificate may be based on the word count of the word processing system used to prepare the brief.

## Rule 1604. Service.

A copy of the petition for specialized review shall be served by the petitioner on the trial court or other government unit that made the determination sought to be reviewed. In matters involving the Commonwealth, the petitioner shall similarly serve a copy upon the Attorney General of Pennsylvania. All parties before the trial court or other government unit shall be served in accordance with Pa.R.A.P. 121.

## Rule 1605. Response to Petition.

(a)    *Time for filing.*—A party may file and serve a response to a petition for specialized review within 30 days of service of the petition. The response shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized.

(b)    *Content.*—The response, which need not be set forth in numbered paragraphs in the manner of a pleading, shall set forth any procedural, substantive, or other argument or ground why the relief requested should be denied and shall comply with the length limitation and the other provisions of Pa.R.A.P. 1603 to the extent applicable, including the certificate of compliance required by Pa.R.A.P. 127. No separate motion to dismiss a petition for specialized review will be received. A party entitled to file a response under this rule who does not intend to do so shall, within the time fixed by these rules for filing a response, file a letter stating that a response to the petition for specialized review will not be filed. The failure to file a response will not be construed as concurrence in the petition for specialized review.

## Rule 1606. Further Review.

A party wishing to seek review in the Supreme Court of a final order of an intermediate appellate court on a petition for specialized review must file a timely petition for allowance of appeal.

**Rule 1610.  Review of Bail Orders**.

Where the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release before sentence, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence. A party shall file the certificate of compliance required by Pa.R.A.P. 127 with the petition for specialized review.

Official Note: *See* Pa.R.A.P. 1762(a) and Pa.R.A.P. 1762(e).

**Rule 1611. Review of Special Prosecution Orders.**

(a)  *General rule.*—Within ten days after the entry of the order sought to be reviewed, a petition for specialized review may be filed in the Supreme Court of Pennsylvania seeking review of the following orders:

(1)  An order relating to the supersession of a district attorney by an Attorney General or by a court, or to the appointment, supervision, administration or operation of a special prosecutor.

(2)  An order relating to the convening or discharge of an investigating grand jury or otherwise affecting its existence.

(3)  An order entered in connection with the supervision, administration, or operation of an investigating grand jury or otherwise directly affecting an investigating grand jury or any investigation conducted by it.

(4)  An order enforcing or refusing to enforce a subpoena issued by or otherwise affecting the existence or operation of any investigating committee of the General Assembly.

(5)  An order of the type specified in subparagraphs (1) through (4) of this paragraph which contains a statement by the trial court pursuant to 42 Pa.C.S. § 702(b) (interlocutory appeals by permission).  Chapter 13 shall not be applicable to such an order.

A party shall file the certificate of compliance required by Pa.R.A.P. 127 with the petition for specialized review.  Seven copies of any filings under this rule shall be filed with the original.  Pa.R.A.P. 3309 (applications for extraordinary relief) shall not be applicable to an order reviewable under this rule.

(b)  *Opinion and record.*— The Supreme Court on its own initiative may direct that the trial court comply with Pa.R.A.P. 1925 or that the record be otherwise corrected or supplemented.

(c)  *Distribution and disposition.*—Upon receipt of the last filing that a party is entitled to make under this rule, the filings shall be distributed by the Prothonotary to the Supreme Court for its consideration.  The Supreme Court may thereafter dispose of the petition or set it down for argument.

(d)  *Interlocutory matters.*—The interlocutory or final nature of an order shall not be affected by this rule and, unless independent grounds appear for the review of an interlocutory order, the interlocutory nature of the order will be a sufficient reason for

denying the petition. The denial of a petition shall be deemed a disposition on the merits unless otherwise ordered or unless the petition expressly seeks permission to appeal from an interlocutory order and asserts no other basis of jurisdiction on appeal.

(e) *Remand of record.*—Unless otherwise ordered:

(1) A certified copy of the judgment of the Supreme Court and the opinion of the court, if one has been filed, shall be transmitted to the trial court forthwith upon entry, notwithstanding the pendency of any application for reargument or other proceeding affecting the judgment. This transmission shall be in lieu of the remand of the record.

(2) Such transmission shall operate to vacate any order theretofore entered pursuant to Chapter 17.

Official Note: This rule is intended to provide a simple and expeditious method for Supreme Court supervision of special prosecutions and investigations, for example, orders of the supervising judge of an investigating grand jury, findings of contempt (whether civil or criminal) by witnesses called before such a grand jury, etc. Pa.R.A.P. 702(c) and 42 Pa.C.S. § 722(5) vest jurisdiction over such matters in the Supreme Court. However, this rule is not applicable to review of investigating grand jury issues that collaterally arise in a plenary criminal prosecution initiated by complaint, information, or indictment. This rule requires that review be sought within ten days. There is no delay for certification of the record, oral argument is ordinarily not available, and the matter is ready for final disposition by the Supreme Court immediately upon completion of the briefing schedule.

The term "investigating grand jury" in paragraph (a) includes a "multicounty investigating grand jury" convened under 42 Pa.C.S. § 4544. The "independent grounds" referred to in paragraph (d) include grounds for relief in the nature of mandamus, prohibition, etc. and cases where the order is reviewable under the standards of 42 Pa.C.S. § 702(b).

Failure to petition for specialized review under this rule from an interlocutory order will ordinarily not constitute a waiver of objections to the order because, except as prescribed by Pa.R.A.P. 311(g)(1)(ii), there is no requirement under these rules that a party seek available interlocutory relief.

Under Pa.R.A.P. 1702(a), the Supreme Court or a justice thereof will not entertain an application for relief under Pa.R.A.P. 1781 (stay pending action on petitions) in connection with a special prosecution or investigation order until a petition for specialized review has been filed under this rule.

**Rule 1612. Review of Out-of-Home Placement in Juvenile Delinquency.**

(a)     *General rule.*—If a court under the Juvenile Act, 42 Pa.C.S. §§ 6301 *et seq.*, enters an order after an adjudication of delinquency of a juvenile pursuant to Pa.R.J.C.P. 409(A)(2) and 515, which places the juvenile in an out-of-home overnight placement in any agency or institution that shall provide care, treatment, supervision, or rehabilitation of the juvenile, the juvenile may file a petition for specialized review. The petition shall be filed within ten days of the order.

(b)     *Content.*—A petition for specialized review under paragraph (a) shall contain: (i) a specific description of any determinations made by the juvenile court; (ii) the matters complained of; (iii) a concise statement of the reasons why the juvenile court abused its discretion in ordering the out-of-home placement; (iv) the proposed terms and conditions of an alternative disposition for the juvenile; (v) a request that the official court reporter for the juvenile court transcribe the notes of testimony as required by paragraph (g) of this rule; and (vi) the certificate of compliance required by Pa.R.A.P. 127. Any order(s) and opinion(s) relating to the out-of-home placement and the transcript of the juvenile court's findings shall be attached as appendices. The petition shall be supported by a certificate of counsel to the effect that it is presented in good faith and not for delay.

(c)     *Scope of review.*

(1)     The reviewing court shall not consider any challenge to the juvenile court's selection of a specific agency or specific institution as the site of the out-of-home placement and instead may consider only a challenge to the fact that the placement is out-of-home.

(2)     The reviewing court shall not consider any challenge to the underlying adjudication of delinquency.

(d)     *Response.*—Any response shall be filed within ten days of service of the petition, and no other pleading is authorized.

(e)     *Service.*—A copy of the petition for specialized review and any answer thereto shall be served on the judge of the juvenile court and the official court reporter for the juvenile court. All parties in the juvenile court shall be served in accordance with Pa.R.A.P. 121.

(f)     *Opinion of juvenile court.*—Upon receipt of a copy of a petition for specialized review under paragraph (a), if the judge who made the disposition of the out-of-home placement did not state the reasons for such placement on the record at the time of disposition pursuant to Pa.R.J.C.P. 512(D), the judge shall file of record a

brief statement of the reasons for the determination or where in the record such reasons may be found, within five days of service of the petition for specialized review.

(g)     *Transcription of Notes of Testimony.*—Upon receipt of a copy of a petition for specialized review under paragraph (a), the court reporter shall transcribe the notes of testimony and deliver the transcript to the juvenile court within five business days.  If the transcript is not prepared and delivered in a timely fashion, the juvenile court shall order the court reporter to transcribe the notes and deliver the notes to the juvenile court, and may impose sanctions for violation of such an order.  If the juvenile is proceeding *in forma pauperis*, the juvenile shall not be charged for the cost of the transcript.

(h)     *Non-waiver of objection to placement.*—A failure to seek review under this rule of the out-of-home placement shall not constitute a waiver of the juvenile's right to seek review of the placement in a notice of appeal filed by the juvenile from a disposition after an adjudication of delinquency.

Official Note: This rule provides a mechanism for the expedited review of an order of out-of-home placement entered pursuant to Pa.R.J.C.P. 515.  Pa.R.J.C.P. 512(D) requires the judge who made the disposition of an out-of-home placement to place the reasons for the out-of-home placement on the record at the time of the disposition, and paragraph (f) of this rule is applicable only in the exceptional circumstance where the judge who made the disposition of an out-of-home placement fails to comply with Pa.R.J.C.P. 512(D).  The Juvenile Act, 42 Pa.C.S. § 6352, sets forth the considerations for a dispositional order following an adjudication of delinquency and the alternatives for disposition. The standard for review of a dispositional order is an abuse of discretion. *See In the Interest of A.D.*, 771 A.2d 45 (Pa. Super. 2001) (*en banc*).

**Rule 1613.  Review of Order Affecting the Duration of an Indicting Grand Jury.**

(a)      *General rule.*—Within ten days after the entry of the order sought to be reviewed, the attorney for the Commonwealth may file a petition for specialized review in the Supreme Court of Pennsylvania seeking review of the following orders affecting the duration of an indicting grand jury:

(1)      An order failing to grant an extension of term under Pa.R.Crim.P. 556.5(B); or

(2)      An order of discharge under Pa.R.Crim.P. 556.5(C).

A party shall file the certificate of compliance required by Pa.R.A.P. 127 with the petition for specialized review.  Seven copies of any filings under this rule shall be filed with the original.  Pa.R.A.P. 3309 (applications for extraordinary relief) shall not be applicable to an order reviewable under this rule.

(b)      *Opinion and record.*—The Supreme Court on its own initiative may direct that the trial court comply with Pa.R.A.P. 1925 (opinion in support of order) or that the trial court supplement the record.

(c)      The Supreme Court may dispose of the petition as filed or may set it down for argument.

(d)      *Remand of record.*—Unless otherwise ordered, a certified copy of the judgment of the Supreme Court and the opinion of the court, if one has been filed, shall be transmitted to the trial court forthwith upon entry, notwithstanding the pendency of any application for reargument or other proceeding affecting the judgment.  This transmission shall be in lieu of the remand of the record.

Official Note: This rule is intended to provide a simple and expeditious method for Supreme Court supervision of orders failing to extend or discharging indicting grand juries under Pennsylvania Rule of Criminal Procedure 556.5.

**Rule 1701.  Effect of Appeal Generally.**

(a)    *General rule.*—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b)    *Authority of a trial court or* **[agency]** <u>**other government unit**</u> *after appeal.*—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1)    Take such action as may be necessary to preserve the **[status quo]** <u>*status quo*</u>, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed**,** and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)    Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)    Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)    an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii)    an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order.  The petitioning party shall and any party may file a **[praecipe]** <u>*praecipe*</u> with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule.  Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts

80

to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized by an appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

(c) *Limited to matters in dispute.*—Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

(d) ***[Certain] <u>Original jurisdiction</u>*** *petitions for review.*—The filing of a<u>n</u> <u>original jurisdiction</u> petition for review **[(except a petition relating to a quasijudicial order)]** shall not affect the power or authority of the government unit to proceed further in the matter, but the government unit shall be subject to any orders entered by the appellate court or a judge thereof pursuant to this chapter.

**<u>(e) *Petitions for specialized review*—The filing of a petition for specialized review under Chapter 16 shall not affect the power or authority of the trial court or other government unit to proceed further in the matter, but the provisions of this chapter relating to *supersedeas* of the order of the trial court or other government unit shall apply.</u>**

Official Note:  The following statutory provisions relate to *supersedeas* generally:

42 Pa.C.S. § 702(c) (*supersedeas*) provides that, except as otherwise prescribed by general rule, a petition for permission to appeal under that section shall not stay the proceedings before the trial court or other government unit, unless the trial court or other government  unit or the appellate court or a judge thereof shall so order.  *See also* Pa.R.A.P. 1313 (effect of filing petition).

42 Pa.C.S. § 5105(e) (*supersedeas*) provides that an appeal shall operate as a *supersedeas* to the extent and upon the conditions provided or prescribed by law, and

that unless a *supersedeas* is entered, no appeal from an order concerning the validity of a will or other instrument or the right to the possession of or to administer any real or personal property shall suspend the powers or prejudice the acts of the appointive judicial officer, personal representative, or other person acting thereunder.

Paragraph (a) codifies a well-established principle.  *See, [e.g.], for example*, *Merrick Estate*, 247 A.2d 786, 787 (Pa. 1968); *Corace v. Balint*, 210 A.2d 882, 889 (Pa. 1965).  Pa.R.A.P. 5102 saves the provisions of Section 426 of the Pennsylvania Workers' Compensation Act, 77 P.S. § 871, which permit a rehearing by the agency under certain circumstances during the pendency of an appeal.  Pa.R.A.P. 311(h) (further proceedings in trial court) provides that paragraph (a) is not applicable where an appeal as of right is taken from interlocutory orders relating to attachments, **custodianships, receiverships, and** injunctions, **[etc., thus making clear that the procedure for seeking appellate review of these collateral matters does not impair the power of the trial court to continue with the merits of the case]** and that when such matters are appealed, the trial court may nonetheless proceed with the underlying case.

Subparagraph (b)(1) sets forth an obvious power of the trial court or other government unit under these rules to take actions to preserve the *status quo* and to clarify or correct an order or verdict.  The power to clarify or correct does not extend to substantive modifications.  *See Pa. Indus. Energy Coalition v. Pa. PUC*, 653 A.2d 1336, 1344-45 (Pa. Cmwlth. 1995), *aff'd*, 670 A.2d 1152 (Pa. 1996).  Examples of permissible actions to preserve the **[status quo]** *status quo* are those "auxiliary to the appellate process, such as a supersedeas or injunction."  *Id*.  Examples of permissible corrections are "non-substantial technical amendments to an order, changes in the form of a decree, and modification of a verdict to add prejudgment interest."  *Id*. at 1344.  "Such actions have no effect on the appeal or petition for review and cannot prompt a new appealable issue."  *Id*. at 1345.

Among the permissible "corrections" is the addition or modification of contractual or statutory prejudgment interest, which is an element of contract damages. In such cases, the award of such interest is mandatory and not discretionary.  *TruServ Corp. v. Morgan's Tool & Supply Co. Inc.*, 39 A.3d 253, 264 (Pa. 2012).  Accordingly, even though the amount of a verdict is changed by the addition of prejudgment interest, the verdict has been "corrected" and not "modified."

The Supreme Court has held that, so long as a motion for attorneys' fees has been timely filed, a trial court may act on that motion under **[subdivision] subparagraph** (b)(1) even after an appeal has been taken.  *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 48 (Pa. 2011).  Thus, unlike the court actions discussed in **[*Pa. Indus. Energy Coalition*]** *Pennsylvania Industrial Energy Coalition*, an award of attorneys' fees constitutes a separately appealable order that would be reviewable

upon filing of a timely separate notice of appeal, measured from the date the fee award order was entered.

Generally an appeal does not operate as a *supersedeas* of **an order of a** government **[agency action]** **unit**.

Subparagraph (b)(3) is intended to **[handle]** **address** the troublesome question of the effect of **an** application for reconsideration on the appeal process. **[The rule (1) permits the trial court or other government unit to grant reconsideration if action is taken during the applicable appeal period, which is not intended to include the appeal period for cross-appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit the trial court or other government unit may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period. If the trial court or other government unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, paragraph (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.]** **By statute, a trial court has only 30 days from the entry of a final order to "modify or rescind" its order. 42 Pa.C.S. § 5505; *see also Key Automotive Equip. Specialists v. Abernethy*, 636 A.2d 1126, 1128 (Pa. Super. 1994) (recognizing that the statute does not apply to limit reconsideration of interlocutory orders). Under this rule, an express determination by a trial court or other government unit within 30 days that it is reconsidering its earlier order satisfies the statutory requirement; the trial court or other government unit does not need to grant the relief sought in the application for reconsideration within the 30 days. The 30-day period protects against the risk that someone could take a "snap" appeal and foreclose reconsideration, but, because the clock is running on the appeal period and the period for reconsideration simultaneously, filing the notice of appeal at the same time as or shortly after the motion for reconsideration will protect against waiver of the appeal if the trial court or other government unit fails to act.**

Subparagraph (b)(3) provides that: "[W]here a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after entry of the decision on reconsideration." Pursuant to Pa.R.C.P. 1930.2**, [effective July 1, 1994, where]** **if** reconsideration from a domestic relations order has been timely granted, a reconsidered decision or an order directing

83

additional testimony must be entered within 120 days of the entry of the order granting reconsideration or the motion shall be deemed denied.  *See* Pa.R.C.P.  1930.2(c), (d), and (e).   The date from which the appeal period will be measured following a reconsidered decision in a domestic relations matter is governed by Pa.R.C.P. 1930.2(d) and (e).

**[Under the 1996 amendments to the Rules of Criminal Procedure governing post-sentence practice,** *see***]** Pa.R.Crim.P. 720 and 721**[,]** **set fixed times for** reconsideration of a decision on a defendant's post-sentence motion or on a Commonwealth motion to modify sentence**, and reconsideration of a deemed denial is prohibited.  [must take place within the time limits set by those rules, and t]T**he judge may not vacate sentence or "grant reconsideration" pursuant to subparagraph (b)(3) in order to extend the time limits for disposition of those motions.  **[Pa.R.Crim.P. 720 and 721 resolved questions raised about the interplay between this subparagraph and post-trial criminal practice.  *See, e.g., Commonwealth v. Corson*, 444 A.2d 170 (Pa. Super. 1982).]**

**Paragraphs (d) and (e) explain that original jurisdiction petitions for review and petitions for specialized review do not come within Pa.R.A.P. 1701; accordingly, any stay or *supersedeas* must be sought under other provisions of Chapter 17.**

Subparagraph (b)(5) recognizes the authority that an appellate court has to retain jurisdiction while asking a trial court or other government unit to engage in factfinding, an authority that is particularly important when questions arise in an appellate court about the course of events in the trial court or when representation by counsel becomes an issue on appeal.

**Rule 1702.  Stay Ancillary to Appeal.**

(a)  *General rule.*—Applications for relief under this chapter will not be entertained by an appellate court or a judge thereof until after a notice of appeal has been filed in the **[lower] trial** court **[and docketed in the appellate court]** or a petition for review **or petition for specialized review** has been filed.

(b)  *Proceedings on petition for allowance of **appeal, petition f**or permission to appeal**, or petition for specialized review**.*—Applications for relief under this chapter may be made without the prior filing of a petition for allowance of appeal**, [or]** petition for permission to appeal, **or petition for specialized review,** but the failure to effect timely filing of such a petition, or the denial of such a petition, shall automatically vacate any ancillary order entered under this chapter.  In such a case**,** the clerk of the court in which the ancillary order was entered shall, on **[praecipe]** *praecipe* of any party to the matter, enter a formal order under this rule vacating such ancillary order.

(c)  *Supreme Court review of appellate court supersedeas and stay determinations.*—No appeal, petition for allowance of appeal**, [**or**]** petition for review**, or petition for specialized review** need be filed in the Supreme Court in connection with a**n [re]**application under **[Rule] Pa.R.A.P.** 3315 **[(review of stay orders of appellate courts)]**.

Official Note: **[Based on former Superior Court Rule 53 and Commonwealth Court Rule 112A, which required the taking of an appeal prior to an application for supersedeas or other interlocutory order. Subdivision (b) is new and is added in recognition of the fact that the drafting of a petition for allowance of appeal or a petition for permission to appeal in the form required by these rules may not be possible prior to the time when an application for** *supersedeas* **may have to be made in the appellate court in order to avoid substantial harm.] In any instance in which a party seeks a stay or** *supersedeas* **from a trial court or government unit, that party can seek relief from the appellate court that has jurisdiction of the matter and can seek review of that intermediate appellate court's decision from the Supreme Court.**

85

**Rule 1704.  Application in a Capital Case for a Stay of Execution or for Review of an Order Granting or Denying a Stay of Execution.**

Prior notice of the intent to file an application in a capital case for a stay or review of an order granting or denying a stay of execution shall be provided to the Prothonotary of the Pennsylvania Supreme Court, if prior notice is practicable.

The application for stay or review shall set forth the following:

1.      The date the warrant issued; the date and nature of the order that prompted the issuance of the warrant; and the date the execution is scheduled, if a date has been set;

2.      Whether any direct or collateral challenges to the underlying conviction are pending, and, if so, in what court(s) or tribunal(s);

3.      Whether any other applications for a stay of the pending execution have been filed, and, if so, in what court(s) or tribunal(s), when, and the status of the application(s);

4.      The grounds for relief and the showing made to the trial court of entitlement to a stay under 42 Pa.C.S. § 9545(c), if applicable;

5.      A statement certifying that emergency action is required and setting forth a description of the emergency.

All dockets, pleadings, and orders that are referred to in 1-5 above must be attached to the application. If any of the information provided in the application changes while the motion is pending, the party seeking the stay or review must file with the Pennsylvania Supreme Court written notice of the change within 24 hours.

No notice of appeal**,** **[or]** petition for review**, or petition for specialized review** needs to be filed in order to file an application under this rule.

**Rule 1762.  Release in Criminal Matters.**

(a)    ***Bail when an appeal is pending*—**Applications relating to bail when an appeal is pending shall ordinarily first be presented to the **[lower] trial** court**[,]** and shall be governed by the Pennsylvania Rules of Criminal Procedure.  If the **[lower] trial** court denies relief, a party may seek relief in the appellate court by filing an application, pursuant to **[Rule] Pa.R.A.P.** 123, ancillary to the pending appeal.

(b)    ***Bail when no appeal is pending.*—**Applications relating to bail when no appeal is pending:

(1)    Applications relating to bail when no appeal is pending shall first be presented to the **[lower] trial** court**[,]** and shall be governed by the Pennsylvania Rules of Criminal Procedure.

(2)    An order relating to bail shall be subject to review pursuant to Chapter **[15] 16 [(judicial review of governmental determinations)**.  **Any answer shall be in accordance with Rule 1516 (other pleadings allowed), and no other pleading is authorized. Rule 1517 (applicable rules of pleading) and Rule 1531 (intervention) through 1551 (scope of review) shall not be applicable to a petition for review filed under this paragraph.]**

**[(c)    *Content.*  An application for relief under subdivision (a) or a petition for review under subdivision (b) shall set forth specifically and clearly the matters complained of and a description of any determinations made by the lower court. Any order and opinions relating to the bail determination shall be attached as appendices.**

**(d)    *Service.* A copy of the application for relief or the petition for review and any answer thereto shall be served on the judge of the lower court. All parties in the lower court shall be served in accordance with Rule 121(b) (service of all papers required). The Attorney General of Pennsylvania need not be served in accordance with Rule 1514(c) (service), unless the Attorney General is a party in the lower court.]**

**[(e)](c)**    *Entry of Bail.*—Bail shall be entered in the **[lower] trial** court pursuant to the Pennsylvania Rules of Criminal Procedure.

**[(f)](d)**    *Extradition matters.*—Relief relating to bail in extradition matters shall be governed by the procedures prescribed by this rule.

**[(g)](e)**    *Opinion of [lower] **trial** court.*—Upon receipt of a copy of an application for relief under **[subdivision] paragraph** (a) or a petition for **specialized**

review under **[subdivision]** **paragraph** (b) that does not include an explanation for the bail determination, the judge who made the bail determination **[below]** **being reviewed** shall forthwith file of record a brief statement of the reasons for the determination or where in the record such reasons may be found.

**[Official Note:     Prior to sentence, Rule 1702 (stay ancillary to appeal) is satisfied by the filing of a plenary petition for review of the order of the lower court granting or denying release.  After sentence a separate plenary filing is no longer necessary because the application for release pending appeal may be made as a matter ancillary to the appeal from the order imposing sentence.**

**The reference in Subdivision (c) to the rulings complained of is not intended to suggest that the appellate court may ignore objective standards for release such as those established by Pa.R.Crim.P. 530.]**

**[REVIEW OF DISPOSITIONAL ORDER FOR OUT OF HOME PLACEMENT IN JUVENILE DELINQUENCY MATTERS]**

**Rule 1770. [Review of Out of Home Placement in Juvenile Delinquency Matters] Reserved.**

[(a) *General rule.*--If a court under the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, enters an order after an adjudication of delinquency of a juvenile pursuant to Rules of Juvenile Court Procedure 409(A)(2) and 515, which places the juvenile in an out of home overnight placement in any agency or institution that shall provide care, treatment, supervision or rehabilitation of the juvenile ("Out of Home Placement"), the juvenile may seek review of that order pursuant to a petition for review under Chapter 15 (judicial review of governmental determinations). The petition shall be filed within ten days of the said order.

(b) *Content.*--A petition for review under subdivision (a) shall contain the following:

(1) a specific description of any determinations made by the juvenile court;

(2) the matters complained of;

(3) a concise statement of the reasons why the juvenile court abused its discretion in ordering the Out of Home Placement;

(4) the proposed terms and conditions of an alternative disposition for the juvenile; and

(5) a request that the official court reporter for the juvenile court transcribe the notes of testimony as required by paragraph (g) of this Rule.

Any order(s) and opinion(s) relating to the Out of Home Placement and the transcript of the juvenile court's findings shall be attached as appendices. The petition shall be supported by a certificate of counsel to the effect that it is presented in good faith and not for delay. The petition shall contain the certificate of compliance required by Pa.R.A.P. 127.

(c) *Objection to specific agency or institution, or underlying adjudication of delinquency, is not permitted.*

        **(1)**     A petition for review under paragraph (a) shall not challenge the specific agency or specific institution that is the site of the Out of Home Placement and instead shall be limited to the Out of Home Placement itself.

        **(2)**     A petition for review under paragraph (a) shall not challenge the underlying adjudication of delinquency.

        **(d)**     *Answer.*--Any answer shall be filed within ten days of service of the petition, and no other pleading is authorized. Any answer shall contain the certificate of compliance required by Pa.R.A.P. 127.  Pa.R.A.P. 1517 (applicable rules of pleading) and Pa.R.A.P. 1531 (intervention) through 1551 (scope of review) shall not be applicable to a petition for review filed under paragraph (a).

        **(e)**     *Service.*--A copy of the petition for review and any answer thereto shall be served on the judge of the juvenile court and the official court reporter for the juvenile court. All parties in the juvenile court shall be served in accordance with Pa.R.A.P. 121(b) (service of all papers required). The Attorney General of Pennsylvania need not be served in accordance with Pa.R.A.P. 1514(c) (service), unless the Attorney General is a party in the juvenile court.

        **(f)**     *Opinion of juvenile court.*--Upon receipt of a copy of a petition for review under paragraph (a), if the judge who made the disposition of the Out of Home Placement did not state the reasons for such placement on the record at the time of disposition pursuant to Rule of Juvenile Court Procedure 512 (D), the judge shall file of record a brief statement of the reasons for the determination or where in the record such reasons may be found, within five days of service of the petition for review.

        **(g)**     *Transcription of Notes of Testimony.*--Upon receipt of a copy of a petition for review under paragraph (a), the court reporter shall transcribe the notes of testimony and deliver the transcript to the juvenile court within five business days. If the transcript is not prepared and delivered in a timely fashion, the juvenile court shall order the court reporter to transcribe the notes and deliver the notes to the juvenile court, and may impose sanctions for violation of such an order. If the juvenile is proceeding *in forma pauperis*, the juvenile shall not be charged for the cost of the transcript. Chapter 19 of the Rules of Appellate Procedure shall not otherwise apply to petitions for review filed under this Rule.

        **(h)**     *Non-waiver of objection to placement.*--A failure to seek review under this rule of the Out of Home Placement shall not constitute a waiver of the juvenile's right to seek review of the placement in a notice of appeal filed by the juvenile from a disposition after an adjudication of delinquency.]

Official Note: **[This Rule provides a mechanism for the expedited review of an order of Out of Home Placement entered pursuant to Rule of Juvenile Court Procedure 515. Rule of Juvenile Court Procedure 512(D) requires the judge who made the disposition of an Out of Home Placement to place the reasons for an Out of Home Placement on the record at the time of the disposition, and paragraph (f) of this Rule is only applicable in the exceptional circumstance where the judge who made the disposition of an Out of Home Placement fails to comply with Rule of Juvenile Court Procedure 512(D). The Juvenile Act, 42 Pa.C.S. § 6352, sets forth the considerations for a dispositional order following an adjudication of delinquency and the alternatives for disposition. The standard for review of a dispositional order is an abuse of discretion. *See In the Interest of A.D.,* 771 A.2d 45 (Pa. Super. 2001) (*en banc*).]**

**Pa.R.A.P. 1770 formerly provided for a petition for review of an out-of-home placement in juvenile delinquency matters. The substance of that rule is now found in Pa.R.A.P. 1612.**

**Rule 1781.  Stay Pending Action on Petition for Review <u>or Petition for Specialized Review</u>.**

(a)    *Application to government unit.*—Application for a stay or *supersedeas* of an order or other determination of any government unit pending review in an appellate court on petition for review **or petition for specialized review** shall ordinarily be made in the first instance to the government unit.

(b)    *Contents of application for stay or supersedeas.*—An application for stay or *supersedeas* of an order or other determination of a government unit, or for an order granting an injunction pending review, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the government unit for the relief sought is not practicable, or that application has been made to the government unit and denied, with the reasons given by it for the denial, or that the action of the government unit did not afford the relief **[which]** **<u>that</u>** the applicant had requested.  The application shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute**,** the application shall be supported by sworn or verified statements or copies thereof.  With the application shall be filed such parts, if any, of the record as are relevant to the relief sought.  The application shall contain the certificate of compliance required by Pa.R.A.P. 127.

c)    *Notice and action by court.*—Upon such notice to the government unit as is required by Pa.R.A.P. 123**,** **[(applications for relief)]** the appellate court, or a judge thereof, may grant an order of stay or *supersedeas*, including the grant of an injunction pending review or relief in the nature of peremptory mandamus, upon such terms and conditions, including the filing of security, as the court or the judge thereof may prescribe.  Where a statute requires that security be filed as a condition to obtaining a *supersedeas*, the court shall require adequate security.

Official Note:  *See generally Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 467 A.2d 805 (Pa. 1983), for the criteria for the issuance of a stay pending appeal.

**Rule 1911. Request for Transcript.**

(a)     *General rule.*—The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.

(b)     *Cross-appeals.*—Where a cross-appeal has been taken, the cross-appellant shall also have a duty to pay for and cause the transcript to be filed and shall share the initial expense equally with all other appellants.

(c)     *Form.*—The request for transcript may be endorsed on, incorporated into, or attached to the notice of appeal or other document and shall be in substantially the following form:

[Caption]

> A (notice of appeal) (petition for review) **(petition for specialized review)** (other appellate paper, as appropriate) having been filed in this matter, the official court reporter is hereby requested to produce, certify and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure.

_____
Signature

(d)     *Effect of failure to comply.*—If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Official Note: For the Uniform Rules Governing Court Reporting and Transcripts, see Pa.R.J.A. No. 4001-4016.  Local rules should also be consulted as to deposit requirements, fees, and additional procedures.

**Rule 2702.  Multiple Parties.**

Where a joint notice of appeal is filed in the **[lower]** <u>trial</u> court**[,]** or docketed in the appellate court, or a joint petition for allowance of appeal is filed under **[Rule]** <u>**Pa.R.A.P.**</u> 512 **[(joint appeals)]**, or a joint petition for review is filed under **[Rule]** <u>**Pa.R.A.P.**</u> 512 or otherwise, or a joint petition for permission to appeal is filed under **[Rule]** <u>**Pa.R.A.P.**</u>  1312(e) **[(multiple petitioners)]**, or <u>**a joint petition for specialized review is filed, or where**</u> any other filing under these rules is effected jointly as permitted by these rules, only one fee is payable, regardless of the number of parties to the filing.

Official Note:  This rule abolishes the <u>**"**</u>number of appellants times number of appellees<u>**"**</u> practice **[heretofore]** <u>previously</u> followed in the computation of appellate filing fees.

**Rule 3307. Applications for Leave to File Original Process.**

(a)     *Scope.*—This rule applies only to matters within the original jurisdiction of the Supreme Court under 42 Pa.C.S. § 721 **[(original jurisdiction)]** which are not in the nature of mandamus or prohibition ancillary to matters within the appellate jurisdiction of the Supreme Court.  Applications for relief pursuant to or ancillary to the appellate jurisdiction of the Supreme Court, including relief which may be obtained in the Supreme Court by petition for review **or petition for specialized review**, are governed by Article I **[(preliminary provisions)]** and Article II **[(appellate procedure)]** and may be filed without an application under this rule.  **[See also]** *See also* **[Rule] Pa.R.A.P.** 3309 (applications for extraordinary relief).

(b)     *General rule.*—The initial pleading in any original action or proceeding shall be prefaced by an application for leave to file such pleading, showing service upon all parties to such action or proceeding.  The matter will be docketed when the application for leave to file is filed with the Prothonotary of the Supreme Court.  The application shall be deemed filed on the date received by the prothonotary unless it was on an earlier date deposited in the United States mail and sent by first class, express, or priority United States Postal Service mail as shown on a United States Postal Service Form 3817 Certificate of Mailing or other similar United States Postal Service form from which the date of deposit can be verified.  The certificate of mailing or similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter**,** if known**,** and shall be either enclosed with the application or separately mailed to the prothonotary.  Appearances shall be filed as in other original actions.  An adverse party may file an answer no later than 14 days after service of the application.  The answer shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized.  An adverse party who does not intend to file an answer to the application shall, within the time fixed by these rules for the filing of an answer, file a letter stating that an answer to the application will not be filed.  Upon receipt of the answer to the application, or a letter stating that no answer will be filed, from each party entitled to file such, the application, pleadings**,** and answer to the application, if any, shall be distributed by the **[P]p**rothonotary to the Supreme Court for its consideration.

(c)     *Disposition of application.*—The Supreme Court may thereafter grant or deny the application or set it down for argument.  Additional pleadings may be filed, and subsequent proceedings had, as the Supreme Court may direct.  If the application is denied, the matter shall be transferred to the appropriate court by the **[P]p**rothonotary in the same manner and with the same effect as matters are transferred under **[Rule] Pa.R.A.P.** 751 **[(transfer of erroneously filed cases)]**.

**[Official Note:  Based on U.S. Supreme Court Rule 9.  Presumably this rule will seldom be invoked, since questions concerning the scope of the original**

**jurisdiction of the Supreme Court may usually be avoided by filing the action in a lower court which clearly has subject matter jurisdiction, and immediately thereafter making application for transfer to the Supreme Court under Rule 3309 (applications for extraordinary relief).]**

## [REVIEW OF SPECIAL PROSECUTIONS OR INVESTIGATIONS]

**Rule 3331. [Review of Special Prosecutions or Investigations] <u>Reserved</u>.**

[(a) *General rule.*—Within the time specified in Rule 1512(b)(3) (special provisions), any of the following orders shall be subject to review pursuant to Chapter 15 (judicial review of governmental determinations):

(1) An order relating to the supersession of a district attorney by an Attorney General or by a court or to the appointment, supervision, administration or operation of a special prosecutor.

(2) An order relating to the convening or discharge of an investigating grand jury or otherwise affecting its existence.

(3) An order entered in connection with the supervision, administration or operation of an investigating grand jury or otherwise directly affecting an investigating grand jury or any investigation conducted by it.

(4) An order enforcing or refusing to enforce a subpoena issued by or otherwise affecting the existence or operation of any investigating committee of the General Assembly.

(5) An order of the type specified in Paragraphs (1) through (4) of this subdivision which contains a statement by the lower court pursuant to 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). Chapter 13 (interlocutory appeals by permission) shall not be applicable to such an order.

The petition shall conform to Rule 123(a) (contents of application for relief) and any answer to the petition shall conform to Rule 1516(a) (general rule). A party entitled to file an answer under this rule who does not intend to do so shall, within the time fixed by these rules for the filing of an answer, file a letter stating that an answer to the petition for review will not be filed. Rule 1517 (applicable rules of pleading) through Rule 1551 (scope of review) shall not be applicable to a petition for review filed under this rule. Seven copies of any papers filed under this rule shall be filed with the original. Rule 3309 (applications for extraordinary relief) shall not be applicable to an order reviewable under this rule.

(b) *Briefs and record.* The petitioner may file and serve a brief in support of the petition for review with the petition for review. Any other party may file and serve an answer and supporting brief within 14 days of service of the petition.

97

Each party shall append to the petition or answer as much of the record below as the party desires to bring to the attention of the court. The Supreme Court on its own initiative may direct that the lower court comply with Rule 1925 (opinion in support of order) or that the record be otherwise corrected or supplemented.

(c)     *Distribution and disposition.* Upon receipt of the last paper that a party is entitled to file under this rule, the papers filed under this rule shall be distributed by the Prothonotary to the Supreme Court for its consideration. The Supreme Court may thereafter dispose of the petition or set it down for argument.

(d)     *Interlocutory matters.* The interlocutory or final nature of an order shall not be affected by this rule and, unless independent grounds appear for the review of an interlocutory order, the interlocutory nature of the order will be a sufficient reason for denying the petition. The denial of a petition shall be deemed a disposition on the merits unless otherwise ordered or unless the petition expressly seeks permission to appeal from an interlocutory order and asserts no other basis of jurisdiction on appeal.

(e)     *Remand of record.* Unless otherwise ordered:

(1)     A certified copy of the judgment of the Supreme Court and the opinion of the court, if one has been filed, shall be transmitted to the lower court forthwith upon entry, notwithstanding the pendency of any application for reargument or other proceeding affecting the judgment. This transmission shall be in lieu of the remand of the record.

(2)     Such transmission shall operate to vacate any order theretofore entered pursuant to Chapter 17 (effect of appeals; supersedeas and stays).]

Official Note: [This rule is intended to provide a simple and expeditious method for Supreme Court supervision of special prosecutions and investigations, e.g. orders of the supervising judge of an investigating grand jury, findings of contempt (whether civil or criminal) by witnesses called before such a grand jury, *etc.* Rule 702(c) (supervision of special prosecutions or investigations) and 42 Pa.C.S. § 722(5) (direct appeals from courts of common pleas) vest jurisdiction over such matters in the Supreme Court. However, this rule is not applicable to review of investigating grand jury issues that collaterally arise in a plenary criminal prosecution initiated by complaint, information or indictment. Rule 1512(b)(3) (special provisions) requires that review be sought within ten days. Essentially the procedure is analogous to the review of a bail order under Rule 1762 (release in criminal matters).  There is no delay for certification of the record, oral argument is ordinarily not available, and the matter is ready for final

disposition by the Supreme Court immediately upon completion of the briefing schedule. The term ''investigating grand jury'' in Subdivision (a) includes a ''multicounty investigating grand jury'' convened under 42 Pa.C.S. § 4544 (convening multicounty investigating grand jury). The ''independent grounds'' referred to in Subdivision (d) include grounds for relief in the nature of mandamus, prohibition, etc. and cases where the order is reviewable under the standards of 42 Pa.C.S. § 702(b) (interlocutory appeals by permission). Failure to petition for review under this rule from an interlocutory order will ordinarily not constitute a waiver of objections to the order since, except as prescribed by Rule 311(g)(1)(ii) (Waiver of objections), there is no requirement under these rules that a party seek available interlocutory relief.

Under Rule 1702(a) (stay ancillary to appeal), the Supreme Court or a justice thereof will not entertain an application for relief under Rule 1781 (stay pending action on petition for review) in connection with a special prosecution or investigation order until a petition for review has been filed under this rule.]

Pa.R.A.P. 3331 formerly provided for a petition for review of orders relating to special prosecutions or investigations. The substance of the rule is now found in Pa.R.A.P. 1611.